608

Park, Mattison & Lynch, of New York City (Anthony V. Lynch, Jr., and John K. Hartley, both of New York City, of counsel), for The Numatic and Tice Towing Line, Inc.

Frederick W. Park, of New York City, for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for Raritan Mercantile Co.

Leubuscher, Kayser & Oliver, of New York City (John A. Lyon, of New York City, of counsel), for Cornell Contracting Corporation.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for C. F. Harms Co.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

In the procedure below, the Raritan Mercantile Company impleaded the Cornell Contracting Corporation, and therefore the costs awarded to the Cornell Contracting Corporation may not be taxed against the appellant, but the costs allowed the Cornell Contracting Corporation will be taxed against the Raritan Mercantile Company.

As thus modified, the decree is affirmed.

Lord, Day & Lord, of New York City (Bernhard Knollenberg, of New York City, of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and John MacC. Hudson, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The petitioner in this case is a Minnesota corporation having its principal office at St. Paul, Minn. The petition by consent was filed in this court. The only lawful place in which the petitioner could file a return was at St. Paul. Section 992(b), title 26, U. S. Code, 26 USCA § 992(b). Under section 1225(b), title 26, U. S. Code (26 USCA § 1225(b), the Circuit Court of Appeals for the Eighth Circuit was the only proper court in which to file a petition to review a decision of the Board. Under our ruling in Massachusetts Fire & Marine Insurance Co. v. Commissioner, 42 F.(2d) 189, and Nash-

Breyer Motor Co. v. Commissioner, 42 F. (2d) 192, the cause could not be brought before us by consent.

The petition is dismissed for lack of jurisdiction.

### In re CARIAGA.
### No. 55576.

District Court, E. D. Michigan, Southern Division.

March 2, 1931.

James L. Pangle, of Detroit, Mich., Asst. Dist. Director of Naturalization.

TUTTLE, District Judge.

This is a petition for naturalization filed by Sixto Cariaga, a native-born Filipino. The petitioner served in the United States Navy continuously from December 20, 1911, to September 20, 1919, receiving an honorable discharge therefrom. On November 20, 1928, he filed a declaration of intention to become an American citizen. On December 4, 1930, he duly filed in this court his petition for admission to citizenship. Section 388 of title 8 of the United States Code (8 USCA § 388) provides as follows: "Any native-born Filipino of the age of twenty-one years and upward who has declared his intention to become a citizen of the United States and who has enlisted or may enlist in the United States Navy or Marine Corps or the Naval Auxiliary Service, and who, after service of not less than three years, may be honorably discharged therefrom, or who may receive an ordinary discharge with recommendation for reenlistment; or any alien, or any Porto Rican not a citizen of the United States, of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, either the Regular or the Volunteer Forces, or the National Army, the National Guard or Naval Militia of any State, Territory, or the District of Columbia, or the State militia in Federal service, or in the United States Navy or Marine Corps, or in the United States Coast Guard, or who has served for three years on board of any vessel of the United States Government, or for three years on board vessels of more than twenty tons burden, whether or not documented under the laws of the United States, and whether public or private, which are not foreign vessels, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation therefrom, or while on furlough to the Army Reserve or Regular Army Reserve after honorable service, may, on presentation of the required declaration of intention petition for naturalization and may be naturalized without complying with the requirements of residence within the United States and within the county."

As the petitioner is not a "white person" within the meaning of the applicable naturalization statute, his right to naturalization must be based upon the statutory provision just quoted. Toyota v. United States, 268 U. S. 402, 45 S. Ct. 563, 69 L. Ed. 1016. The only question here involved is whether, under a proper construction of this section, the provision therein for the filing of a petition for naturalization "within six months after an honorable discharge" is applicable to a "Filipino," mentioned in the first clause therein, or only to "any alien or any Porto Rican not a citizen of the United States," mentioned in a subsequent clause. It will be noted that the petitioner, although he was honorably discharged from the United States Navy, did not file his petition for naturalization within six months after receiving such honorable discharge. In all other respects, as is admitted by the government and found by this court, he is entitled to naturalization. Must his petition be denied because not filed "within six months after an honorable discharge"?

Although this statutory provision, consisting of its single sentence of two hundred and seventy-eight words, is far from being a model of clear or readily intelligible language, I am satisfied that the six months' requirement in question does not apply to the petitioner. The sentence is divided, by a semicolon, into two separate and distinct clauses, the first of which relates to Filipinos and the second to noncitizen Porto Ricans and other aliens. Each of these subdivisions of the section is complete in itself and expresses its own requirements relative to the class of persons to which it refers. The requirement relative to an honorable discharge is, in the case of a