**In re RENA.**

No. 145490.

District Court, E. D. New York.

May 21, 1931.

Merton A. Sturges, District Director of Naturalization, of New York City, in opposition.

BYERS, District Judge.

The above-named applicant is a native-born Filipino, whose birth occurred on November 24, 1896. He enlisted in the United States Navy at Cavite, P. I., on October 11, 1916, and was honorably discharged on October 9, 1920, at Ft. Monroe, Va.; he reenlisted on November 12, 1920, at Brooklyn, N. Y., and was honorably discharged at Hampton Roads, Va., on October 11, 1922.

His petition is resisted by the Department of Commerce, because it was not filed within six months after the date of his last honorable discharge from the Navy. The applica-

ble statute is title 8 U. S. C. § 388 [8 USCA § 388], as amended March 2, 1929, and reads as follows: "§ 388. Filipino declarants honorably discharged from Navy, Marine Corps, or Naval Auxiliary Service; Porto Ricans or aliens serving in Army, Navy, Marine Corps, Coast Guard, or United States Government vessels, etc.; residence. Any native-born Filipino of the age of twenty-one years and upward who has declared his intention to become a citizen of the United States and who has enlisted or may enlist in the United States Navy or Marine Corps or the Naval Auxiliary Service, and who, after service of not less than three years, may be honorably discharged therefrom, or who may receive an ordinary discharge with recommendation for reenlistment; or any alien, or any Porto Rican not a citizen of the United States, of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, either the Regular or the Volunteer Forces, or the National Army, the National Guard or Naval Militia of any State, Territory, or the District of Columbia, or the State militia in Federal service, or in the United States Navy or Marine Corps, or in the United States Coast Guard, or who has served for three years on board of any vessel of the United States Government, or for three years on board vessels of more than twenty tons burden, whether or not documented under the laws of the United States, and whether public or private, which are not foreign vessels, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation therefrom, or while on furlough to the Army Reserve or Regular Army Reserve after honorable service, may, on presentation of the required declaration of intention petition for naturalization and may be naturalized without complying with the requirements of residence within the United States and within the county. (As amended Mar. 2, 1929, c. 536, § 6 (c), (d), 45 Stat. 1514.)"

The government contends that the foregoing must be construed so that the words "or within six months after an honorable discharge or separation therefrom," in the sixth line from the end, should be read in connection with so much of the section as precedes the semicolon, namely, that portion which refers to "Any native-born Filipino of the age of twenty-one years and upward."

It is believed that this contention is opposed to the sense and purpose of the statute, and to its grammatical construction.

In Toyota v. U. S., 268 U. S. 402, at page 410, 45 S. Ct. 563, 565, 69 L. Ed. 1016, the court said: "But we hold that until the passage of that act [the statute under examination], Filipinos not being 'free white persons' or 'of African nativity' were not eligible, and that the effect of the Act of 1918 was to make eligible, and to authorize the naturalization of, native-born Filipinos of whatever color or race having the qualifications specified in the seventh subdivision of section 4."

With this in mind, it becomes apparent that two classes of persons were within the contemplation of this statute; that is, (a) Filipinos, and (b) "any alien, or any Porto Rican not a citizen of the United States, of the age of twenty-one years and upward."

The first class was the subject of so much of the law as precedes the semicolon, and the second class was composed of those referred to in the balance of the statute. This clearly appears from the closing sentence of the section in question, to the effect that any alien or any Porto Rican not a citizen of the United States, who has served in any of the various organizations specified, may, on presentation of declaration of intention and petition, "be naturalized without complying with the requirements of residence within the United States and within the county."

Filipinos could not be comprehended within such provision because they are not aliens (See Toyota v. U. S., supra), and consequently residential requirements could not apply to them, or be relaxed in their favor. Hence, the second subdivision of the statute was intended to operate in favor of persons who could be naturalized only by the conventional process in the absence of enlistment in any of the services specified.

Considered in this light, it becomes apparent that Congress intended that Filipinos, although not eligible to citizenship, should enjoy that privilege in the event of their having served a period of enlistment in the Navy or Marine Corps or the Naval Auxiliary Service for a period of not less than three years terminating in honorable discharge; all other Filipinos are still under the disability stated by the Supreme Court in the opinion to which reference has been made.

On the other hand, aliens and citizens of Porto Rico who could acquire citizenship in the usual way are relieved of the residential requirement in the event that they have enlisted in any of the various services specified

and been honorably discharged, and that their application is made during the period of such service or within six months thereafter.

In the brief of the government, it is argued that the construction here adopted is unreasonable because Congress should not be thought to have intended to permit Filipinos greater latitude than other aliens. The mistake in this reasoning has been pointed out; Filipinos are not aliens, and cannot, in general, become citizens of the United States, and Congress had in mind to admit only such Filipinos as could meet the requirements stated in this statute.

Also it is urged that all doubts upon the subject of acquiring citizenship should be resolved in favor of the United States.

The theory upon which this decision proceeds is not opposed to such a doctrine, because no question of strict construction or loose construction is here presented.

The section, construed in its natural sense and according to its grammatical structure, clearly provides that Filipinos who are able to present evidence of compliance with the requirements stated are entitled to be admitted to citizenship, and there is no limitation to the effect that the application must be made within six months after the expiration of the enlistment which has resulted in honorable discharge.

The foregoing has been submitted to Judges Inch and Galston, who have had similar cases under consideration, and they authorize the statement that the views herein expressed have their approval. Since this opinion was written, the case of In re Cariaga (D. C.) 47 F.(2d) 609, has been examined, and the conclusions of Judge Tuttle are found to be the same as herein set forth.

In accordance with the request of the government, an exception to this ruling is recorded.

Petition granted.