OPINION. Black, Judge: The only question for decision is whether respondent erred in disallowing a deduction of $16,500 paid by petitioner for legal and investment counsel fees in connection with a revision of its capital structure. Petitioner concedes that $5,500 was properly disallowed, but contends that $11,000 of the fees represents payments in connection with two abandoned plans for revising its capital structure and therefore represents a deductible expense. Respondent contends that the entire $16,500 represents a payment to increase the capital value of petitioner’s property and therefore must be capitalized. Section 29.24-2, Regulations 111, the pertinent provisions of which are printed in the margin,[1] is relied on by respondent. Petitioner does not contend that fees paid in connection with a plan for recapitalization which is effectuated are deductible. Respondent’s argument is based on the contention that the fees paid by petitioner were for alternative plans for a revision of petitioner’s capital structure and therefore the $16,500 must be capitalized as petitioner did select and act in accordance with one of the plans presented to it. Petitioner contends, and we think rightly so, that the three proposals submitted to it for a revision of its capital structure were not alternative proposals, but, rather, separate and distinct suggestions for revisions of its capital structure, all of which were recommended and all or any of which petitioner might have accepted. Goldman, Sachs and Company recommended: (1) a merger of Erie into petitioner and (2) a refinancing of the 6 per cent noncallable bonds of Erie and petitioner and (3) a recapitalization of the preferred stock and a split-up of the common stock of petitioner. Petitioner was able to adopt only the third proposal and for reasons set out in our findings of fact abandoned the first and second proposals, and the evidence shows that two-thirds of the fees paid Goldman, Sachs and Company and petitioner’s attorneys was attributable to the first' and second proposals. Allocations of fees are permitted though the original payment was in a lump sum for all services. Barbara B. LeMond, 13 T. C. 670. This is also true of a lump sum fee for a proposed merger which was abandoned, and an issue of preferred stock which was issued if an allocation can be made. See Peaslee-Gaulbert Co., 14 B. T. A. 769. In Doernbecher Manufacturing Co., 30 B. T. A. 973, we permitted a deduction for expenses incurred relative to a proposed merger which was abandoned. In the instant proceeding petitioner abandoned two of the proposed suggestions for revision of its capital structure to which $11,000 of the $16,500 in fees paid by petitioner is attributable, and therefore this amount represents a deductible expense. Doernbecker Manufacturing Co., supra. Decision will be entered under Rule 50. Regulations 111: Sec. 29.24-2. Capital Expenditures. — Amounts paid for increasing the capital value * * * of property are not deductible from gross income. * * * Expenses of the organization of a corporation, such as incorporation fees, attorneys’ and accountants' charges, are capital expenditures and not deductible from gross income.