J. GILMORE FLETCHER, D. WATSON FLETCHER AND JOHN L. HAFNER, TRUSTEES OF ASSETS OF RIDGEFIELD MANUFACTURING CORPORATION, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23097.   Promulgated February 2, 1951.

*Ewing Laporte, Esq.*, for the petitioners.
*Graham Loving, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge:* This case involves income and excess profits taxes for the fiscal year ended July 31, 1946. Deficiencies were determined as follows: In income tax $12,204.10; in excess profits tax $9,951.79. Due to stipulations and elimination of two issues originally pleaded there remains for our consideration only a portion of the above amounts and only the following question: Whether expenses incurred by the petitioners during the fiscal year ending July 31, 1946, in the amount of $30,589.19, are deductible in the fiscal year ending July 31, 1947, or in the fiscal year ending July 31, 1946, in which year the corporation, for the assets of which petitioners are trustees, dissolved.

The facts are fully stipulated, or admitted in the pleadings, and we find as follows:

The petitioners are the trustees in liquidation and dissolution of Ridgefield Manufacturing Corporation, a corporation organized and dissolved under the laws of the State of New Jersey. The return for the period here involved was filed with the collector for the fifth district of New Jersey at Newark, New Jersey. The corporation was dissolved on December 26, 1945. Its Federal income tax and excess profits tax returns were made on an accrual basis for years ended July 31.

Between August 15, 1946, and May 15, 1947, there was paid out by petitioners as expenses on account of said corporation the sum of $30,589.19 as follows:

| | |
|---|---:|
| Trustees' salaries | $19,059.33 |
| Officers' salaries | 1,083.30 |
| Directors' fees | 75.00 |
| Warehouse rent | 900.00 |
| Legal & accounting fees | 9,254.84 |
| General expenses | 134.08 |
| Taxes | 82.64 |
| Total | $30,589.19 |

The services for which such sums were paid were rendered subsequent to August 1, 1946.

On their return for the year ended July 31, 1946, the petitioners claimed deduction of "40,000.00" as "Provision for Contingencies." This was disallowed. Petitioners then claimed deduction of $30,589.-19, the actual expenditure, and this also was disallowed in the deficiency determination, as follows: "Liquidating expenditures made in your fiscal year ended July 31, 1947, in amount of $30,589.19 are not allowable deductions in the fiscal year ended July 31, 1946."

This appears to be a matter of first impression, upon the precise point here involved: Whether trustees of the assets of a corporation, which was upon an accrual basis, and was dissolved in the taxable year, may deduct in that year expenses incurred and paid for the next year, which, however, for the taxable year appeared as a deduction of a "Provision for Contingencies" on the return. Neither party has cited a case exactly in point. The petitioner relies upon *Pacific Coast Biscuit Co.*, 32 B. T. A. 39; *E. C. Laster et al.*, 43 B. T. A. 159, affd., 128 Fed. (2d) 4, also a Memorandum Opinion of this Court. The *Pacific Coast Biscuit* case involved expenses for attorneys' fees and a depositary of capital stock, both in connection with liquidation and distribution, which were both incurred and paid in the same year as the dissolution. The corporation itself was the petitioner, and no year other than that of dissolution was involved. The expenses were allowed as ordinary and necessary expense of business. Obviously, our question did not arise. The *Laster* case involved a corporation and the transferees and the years 1935, 1936, and 1937, but the issue petitioner suggests as applicable here involved only 1936. In that year the corporation dissolved. The amount involved was $4,200 earned, as an annual retainer by attorneys, and accrued on the corporate books, in 1936. It was paid in 1937. The Commissioner disallowed the deduction taken, upon the ground that the amount was for legal work in connection with the dissolution and the creation of two trusts by Laster, the sole stockholder. We found as fact that no part of the fee was for creation of the trusts (for which a different and separate charge was found to have been made). Thus, it is seen that the present question was not presented, for though the fee was paid in 1937, the services were wholly performed in 1936, the year of dissolution. They were, of course, to a corporation on an accrual basis, accruable in the year incurred. *Saks & Co.*, 20 B. T. A. 1151, is cited in the *Laster* case in the portion quoted by petitioners. It involved fees paid in 1920, the taxable year, for legal services of the general counsel of the corporation performed during 1920. There was no dissolution at any time or services claimed in connection with dissolution procedure. The only question was whether the services were ordinary

and necessary. They were found so to be. The case obviously furnishes no assistance here. The Memorandum Opinion above referred to merely involved allowance of expense of liquidation, during the liquidation and in the year when incurred and paid.

The respondent relies primarily upon *Hirst & Begley Linseed Co.*, 4 B. T. A. 1160. There the taxable year involved was a fiscal year ending July 31, 1919. The error assigned, so far as here pertinent, was disallowance of approximately $10,000 alleged to have been incurred during the taxable year as expenses of liquidation. The corporation had in December 1918 sold its business and property and agreed with the vendee to liquidate as rapidly as possible after conveyance of the property. The property was conveyed January 15, 1919, on which date the petitioner ceased business and immediately proceeded with liquidation. Due to the confused condition of records, and because of Federal taxes, liquidation was not completed during the year ended July 31, 1919, and had not been completed at date of trial. In years subsequent to the fiscal year ended July 31, 1919, about $10,000 was paid or incurred for accountants' and attorneys' fees, officers' compensation, capital stock tax for the year ended July 30, 1920, discount on accounts receivable, revenue stamps, state corporation fees, deferred charges against the corporation, collection expenses and rent of safe deposit boxes. The amounts appear to have been by the Board of Tax Appeals considered as incident to the winding up of the corporation's affairs and as necessary before completion of liquidation. Denial of deduction of the amounts for the taxable year ended July 31, 1919, was upon the ground that they were not expenses paid or accrued within the taxable year in carrying on business. The petitioner argued that the amounts were deductible from income in the year ended July 31, 1919, "the year in which it sold its business and agreed to liquidate, either in connection with matters necessary to complete liquidation or in connection with its continued existence." The Commissioner's determination was upheld, the Board saying:

* * * The mere fact that petitioner sold all of its assets and was compelled under its agreement to discontinue manufacturing operations, but was unable under the circumstances to completely dissolve during the taxable year, does not justify the deduction from gross income for the taxable year of amounts paid or incurred in subsequent taxable years, notwithstanding that such expenditures may have been made in carrying out its agreement entered into during the taxable year. The petitioner did not become liable under the contract of December 14, 1918, for the payment of any specified amount. It has been allowed to deduct such amounts as were paid or incurred during the fiscal year ended July 31, 1919. We find no warrant in the circumstances of this proceeding for allowing as a deduction in the taxable year expenditures made in subsequent years, notwithstanding such expenditures may have been the result of prior transactions or agreements. * * *

The petitioner here urges that the *Hirst & Begley* case is distinguishable because there it is stated "the corporation was not dissolved but continued in business." The respondent also relies on *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, as authority for "the basic foundation for the annual accounting theory" denying accrual of expenses which as to amount are unsettled or liability for which is contingent, and requiring deduction, on the cash basis, to be in the year of actual payment, or, on an accrual basis, in the year when obligation to pay becomes final and definite in amount. The respondent points out not only that the services causing the expenses were rendered after the taxable year, but were of general nature, normally incurred by any corporation whether operating or liquidating.

Though it is clear that the *Hirst & Begley* case does not involve an actual dissolution in the taxable year, we think it is not without general application here. The petitioners' view here is in effect that the mere fact of dissolution controls and requires deduction of expenses in a later year incurred and paid. Since the law of many states allows a period after dissolution for completion of liquidation and since the petitioners here, trustees for the corporate assets, apparently were proceeding under some such statute, during the year following dissolution, when the expenses here involved were incurred and paid, it seems to us that the critical fact is not dissolution but liquidation and that here liquidation was proceeding, during the following year (when services were performed, including trustees' salaries, rent, taxes, general expenses, and legal and accounting fees), in a manner highly similar to that in the *Hirst & Begley* situation. As there said, we can here find no warrant for allowing deduction, in the taxable year, merely because of dissolution therein, of expenditures incurred in a subsequent year. They in fact appear not as expenses of dissolution, but of later activities by the trustees of the assets. Dissolution took place on December 26, 1945. The services for which these expenses were paid did not start until after July 31, 1946, and payments were from August 15, 1946 to May 15, 1947. Not only is there no indication that the expenses were properly accruable in the year ended July 31, 1946, but there is no proof that they were in fact accrued on the books in that year. All the record shows in that year is the mere fact of dissolution. It is apparent from the expenses incurred in the next year, particularly trustees' and officers' services for which more than $20,000 was paid, that liquidation was taking place in the year beginning July 31, 1946, and that the expenses involved were incurred and paid currently therewith. The annual basis of accounting requires this deduction when incurred. We hold that the Commissioner did not err in denying deduction for the fiscal year ended July 31, 1946. Because of concessions on other issues not presented

*Decision will be entered under Rule 50.*