MILLS ESTATE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27835. Promulgated November 30, 1951.

*William H. Hayes, Esq.*, and *J. Wesley Seward, Esq.*, for the petitioner.

*Aaron S. Resnik, Esq.*, for the respondent.

OPINION.

Raum, *Judge:* The essential facts are not in dispute. Petitioner is a closely held corporation organized primarily for the two purposes of holding stock in a California corporation, and of acquiring certain improved real estate in New York City. In January 1917, shortly after its formation, it acquired both the stock and the real estate in question. Years later, in March 1941, the real estate was sold for $3,625,000.

After considering what to do with the sales proceeds, and after giving thought to the possibility of completely liquidating petitioner, it was decided rather to file a certificate amending the corporate charter by reducing to $2,800,000 the then authorized and outstanding capital stock of $5,000,000; to distribute to stockholders part of the corporation's assets in exchange for $2,200,000 of the outstanding stock to be surrendered; and to issue new capital stock of $2,800,000 under the amended charter in exchange for the remaining capital stock outstanding. Corporate funds in the amount of $3,630,000 were to be distributed; $2,200,000 was to be allocated to the reduction in capital stock, and the remainder of $1,430,000 was to be charged to contributed surplus. The course so chosen was executed in 1943, and in 1946 petitioner paid in connection therewith lawyers' fees and incidental legal expenses of $20,101.55.

Petitioner's charter provided for perpetual duration, and empowered

it to engage in business activities in addition to those for which it was primarily organized. After the execution of this plan, petitioner's authorized and outstanding capital stock amounted to $2,800,000. Its total assets, cash on hand, earned surplus, and paid-in surplus prior to the distribution were respectively $6,787,210.12, $3,652,627.35, $72,656.15, and $1,714,553.97; thereafter these same items amounted to $3,098,961.24, $69,461.24, $14,407.27, and $284,553.97.

The question posed is whether petitioner, which kept its books and filed its returns on a cash basis, was entitled to deduct the legal expense of $20,101.55 in 1946 as an ordinary and necessary business expense under section 23 (a) (1) (A) of the Code.[1]

The problem presented by the facts of this case falls between two lines of decision that point in opposite directions. On the one hand, it is firmly recognized that the costs incurred in organizing or reorganizing a corporation, or of altering its stock structure, or of selling or disposing of a stock issue, or of acquiring and retiring outstanding stock, are treated as capital expenditures rather than as ordinary and necessary business expenses which are deductible from current income. *Grain King Manufacturing Co.*, 14 B. T. A. 793, 796, appeal dismissed (C. A. 2) 47 F. 2d 608; *Malta Temple Association*, 16 B. T. A. 409, 411; *Richard H. Survaunt*, 5 T. C. 665, 673, affd. (C. A. 8) 162 F. 2d 753; *Bush Terminal Buildings Co.*, 7 T. C. 793, 818–819; *Firemen's Insurance Co.*, 30 B. T. A. 1004, 1013–1014; *Holeproof Hosiery Co.*, 11 B. T. A. 547, 556; *Commercial Investment Trust Corporation*, 28 B. T. A. 143, 148, affirmed per curiam (C. A. 2), 74 F. 2d 1015; *Pacific Coast Biscuit Co.*, 32 B. T. A. 39, 41. On the other hand, expenditures incurred in connection with the complete liquidation of a corporation have been held deductible as ordinary and necessary expenses. *Pacific Coast Biscuit Co.*, 32 B. T. A. 39, 43; *E. C. Laster*, 43 B. T. A. 159, 177, affirmed in part and reversed in part on other grounds (C. A. 5), 128 F. 2d 4; *Rite-Way Products, Inc.*, 12 T. C. 475, 481; cf. *J. Gilmore Fletcher*, 16 T. C. 273.[2]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *.

[2] The diversity in results between these two lines of cases may be contrasted with the holdings that expenses incurred in connection with the sale of securities (*Spreckels* v. *Commissioner*, 315 U. S. 626) as well as with the purchase of securities (*Helvering* v. *Winmill*, 305 U. S. 79) are capital items, and may not be treated as deductible expenses.

The expenditures involved herein have characteristics that partake of both lines of decisions. Petitioner's legal expenses were undoubtedly incurred in substantial part in order to amend its charter and reduce authorized capitalization, thereby providing for the acquisition and retirement of its stock followed by the issuance of new stock in reduced amount. This aspect of the transaction certainly brings the case within the first line of authority. However, the actual distribution of assets in partial liquidation was also a significant factor with respect to which the legal fees were paid, and it is difficult to perceive why the cost of a partial liquidation should be any the less an ordinary and necessary business expense than the cost of a complete liquidation.

The record before us does not furnish any satisfactory basis upon which a precise allocation can be made, but, doing the best we can with the material at hand, we find and hold that one-half of the expenditure in question was made with respect to reconstituting the stock of petitioner and related matters, with the result that such one-half must be treated as a nondeductible capital item; and that the other one-half was made with respect to the distribution of assets, which we hold to be deductible. Cf. *Cohan* v. *Commissioner* (C. A. 2), 39 F. 2d 540, 543–544.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

TURNER, *J.*, dissenting: Passing over the question still lurking in the background as to whether there has been judicial legislation in *Pacific Coast Biscuit Co.*, 32 B. T. A. 39, and other cases which have followed, to the effect that expenditures incurred in connection with the complete liquidation of a corporation are to be regarded as ordinary and necessary expenses, within the meaning of section 23 (a) of the Code, it is my view that there should be no question about the expenditures in the instant case. They were not expenditures incurred in connection with the complete liquidation of a corporation, but were expenditures incident to the reorganization of a continuing corporation and, under the long line of cases cited in the majority opinion, are capital expenditures which are not deductible and in no way partake of the character of expenditures normally made by the corporation in the ordinary course of conducting the business for which it was originally organized and now reorganized.

BLACK, *J.*, agrees with this dissent.