TOBACCO PRODUCTS EXPORT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33541. Promulgated September 25, 1952.

*John D. Graves, Esq.*, for the petitioner.
*William G. O'Neill, Esq.*, for the respondent.

1102

OPINION.

Van Fossan, *Judge:* The first issue to be determined is whether the petitioner corporation can deduct, as expenses, in 1946, all, or any part, of the $34,560.34 expended in connection with the partial liquidation carried out in that year.[1] Prior to the execution of the plan to

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

 (a) EXPENSES.—

 (1) TRADE OR BUSINESS EXPENSES.—

 (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

 * * * * * * *

distribute Philip Morris stock and cash to the stockholders in exchange for approximately 90 per cent of its outstanding stock, two separate plans were considered and then abandoned. The demand of a group of stockholders that petitioner distribute its Philip Morris and "China" stock, motivated the retention of counsel to determine a method of distribution. The first proposal to achieve this end called for the transfer of petitioner's business to a new corporation and liquidation of petitioner's remaining assets. Upon the abandonment of this proposal the attorneys presented a plan to distribute the Philip Morris and "China" stock without creating a new corporation to carry on petitioner's business of exporting tobacco. Upon rejection of this plan a third method of appeasing the stockholders' demand was presented and accepted. Petitioner undertook to distribute only its Philip Morris stock and cash and reduce its capitalization by 90 per cent.

We have found that 60 per cent and 70 per cent of the services performed by Jackson and Hartfield, respectively, were redered in connection with the two abandoned plans. The expenses of investigating the possibilities of a corporate merger, which was abandoned, have been held deductible. *Doernbecher Manufacturing Co.*, 30 B. T. A. 973, affd. 80 F. 2d 573. The expenses incurred in formulating and investigating plans of liquidation and partial liquidation are similarly deductible when the programs are abandoned. The proposals upon which the attorneys spent most of their time and effort were not alternative proposals presented to petitioner for it to choose between. Nor were the earlier plans merged into the final liquidation. The first plan called for complete liquidation of the petitioner and did not relate to a reduction of capitalization. The second plan included distributions of the "China" stock valued at $1. Distribution of these shares would not bring about the reduction of capital achieved by the distribution of $206,145 in cash in the final plan. Each plan was separate and distinct in so far as the result to petitioner is concerned. Each plan was presented as a new proposal when the preceding one was rejected. The legal expenses attributable to the first and second plans which were abandoned by petitioner are deductible by it. *Sibley, Lindsay & Curr Co.*, 15 T. C. 106. The fact that the legal fees were not broken down into components but paid as one sum does not prevent allocation of a proper proportion of the counsel fees to the abandoned plans. *Barbara B. LeMond*, 13 T. C. 670.

The portion of the total expenses for 1946 of $34,560.34 remaining after deducting the above amounts on account of legal expenses, and the 1947 expenses of $3,062.85 are attributable to the partial liquidation finally carried out. The partial liquidation consisted of the alteration of petitioner's capital structure by acquiring and canceling 90 per cent of its outstanding stock and the distribution of the Philip

Morris shares, together with cash. We have found that the expenses of executing the partial liquidation were approximately equally divided between the reduction of petitioner's capital stock and the actual distribution of the Philip Morris shares and cash. The expenses of the depositary and exchange agent, together with the numerous items of printing and mailing costs, accountants and legal fees, were about equally divided between the two phases of the partial liquidation. Expenses of organization and refinancing are capital expenditures. *Grain King Manufacturing Co.*, 14 B. T. A. 793. However, expenses incurred in carrying out a complete liquidation are deductible. *Pacific Coast Biscuit Co.*, 32 B. T. A. 39. The allocation and deduction of that portion of the partial liquidation expenses attributable to the distribution of assets, has been recently upheld by this Court. *Mills Estate, Inc.*, 17 T. C. 910 (on appeal). The remaining portion of the 1946 expenses and the 1947 expenses, therefore, are deductible in the respective years to the extent of 50 per cent thereof.

One further item included in the 1946 expenses must be given special consideration. Payments for New York State and Federal transfer taxes aggregated $846.64. The evidence does not disclose what portion of this total represented Federal taxes and what amount represented state taxes. The petitioner, on brief, contends that the total transfer taxes were greater than $846.64. The evidence presented does not bear out this claim. Of the total of $846.64 transfer taxes paid, the amount paid to the State of New York is deductible as taxes under section 23 (c) of the Internal Revenue Code.[2] Section 23 (c) (1) (F), I. R. C., states that Federal excise and stamp taxes are not deductible but that this subsection shall not prevent such taxes

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
 In computing net income there shall be allowed as deductions :

 \* \* \* \* \* \* \*

 (c) TAXES GENERALLY.—
 (1) ALLOWANCE IN GENERAL.—Taxes paid or accrued within the taxable year, except—
 (A) Federal income taxes ;
 (B) war-profits and excess-profits taxes imposed by Title II of the Revenue Act of 1917, Title III of the Revenue Act of 1918, Title III of the Revenue Act of 1921, section 216 of the National Industrial Recovery Act, section 702 of the Revenue Act of 1934, or Subchapter E of Chapter 2, or by any such provisions as amended or supplemented ;
 (C) income, war-profits, and excess-profits taxes imposed by the authority of a foreign country or possession of the United States, if the taxpayer chooses to take to any extent the benefits of Section 131 ;
 (D) estate, inheritance, legacy, succession, and gift taxes ;
 (E) taxes assessed against local benefits of a kind tending to increase the value of the property assessed ; but this paragraph shall not exclude the allowance as a deduction of so much of such taxes as is properly allocable to maintenance or interest charges : and
 (F) Federal import duties, and Federal excise and stamp taxes (not described in subparagraph (A), (B), (D), or (E)), but this subsection shall not prevent such duties and taxes from being deducted under subsection (a).

 \* \* \* \* \* \* \*

from being deductible under subsection (a). Section 23 (a) (1) (A), I. R. C., allows deduction of ordinary and necessary business expenses. Although Federal transfer taxes were not ordinary expenses of petitioner's business of exporting tobacco, they were expenses incurred in the partial 'iquidation.

The partial liquidation consisted, in part, of the transfer of Philip Morris stock to petitioner's shareholders and transfers by the shareholders to petitioner of its stock. The transfer of stock in petitioner corporation for its shareholders to itself for cancelation is not subject to Federal transfer tax. Regulations 71, sec. 113.34 (c). The transfer tax paid on the distribution of Philip Morris stock to the shareholders of petitioner constitutes an expense of that distribution. As such an expense wholly attributable to the distribution of assets in partial liquidation, it is deductible under the principle applied in *Mills Estate, Inc., supra.* Therefore, we conclude that the entire amount of $846.64 transfer taxes paid is deductible by petitioner as taxes under section 23 (c), I. R. C., in regard to the amounts paid to the state, or as business expenses under section 23 (a), I. R. C., with respect to the amounts paid to the Federal Government.

The second issue in this proceeding is whether the petitioner is entitled to a dividends received credit under section 26 (b), I. R. C.,[3] on the proceeds of $12,685.23 received from the sale of Philip Morris stock rights.

We have set out in the findings of fact the entire paragraph of the stipulation of the parties referring to this issue. These few facts, with nothing more, are insufficient to establish petitioner's contention or to demonstrate that respondent erred. As to this item, we therefore find for respondent.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[3] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) DIVIDENDS RECEIVED.—85 per centum of the amount received as dividends from a domestic corporation which is subject to taxation under this chapter, but not in excess of 85 per centum of the adjusted net income. The credit allowed by this subsection shall not be allowed in respect of dividends received from a corporation organized under the China Trade Act, 1922, 42 Stat. 849 (U. S. C., Title 15, c. 4), or from a corporation which under section 251 is taxable only on its gross income from sources within the United States by reason of its receiving a large percentage of its gross income from sources within a possession of the United States.