FRANCIS A. SUNDERLAND and GLADYS C. SUNDERLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sunderland v. Commissioner
Docket No. 4665-75.
United States Tax Court
T.C. Memo 1977-116; 1977 Tax Ct. Memo LEXIS 326; 36 T.C.M. (CCH) 512; T.C.M. (RIA) 770116; April 21, 1977, Filed Charles H. Warwick, III, and Carl L. Campbell, for the petitioners. William H. Newton, III, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: * Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1971 *327 in the amount of $5,662. Concessions having been made, there are two issues remaining for our decision: (1) Whether legal fees, incurred in litigation to interpret a property settlement agreement which was incorporated into petitioner Francis A. Sunderland's divorce decree, are properly deductible; and (2) Whether legal fees, incurred in a proceeding which resulted in a reduction of petitioner Francis A. Sunderland's alimony obligation to his former wife, are properly deductible. FINDINGS OF FACT All of the facts have been stipulated and are so found. Those necessary to an understanding of the case are as follows. Petitioners Francis A. Sunderland and Gladys C. Sunderland, husband and wife, resided in North Palm Beach, Florida, at the time the petition was filed herein. Petitioners filed a joint Federal income tax return for 1971 with the Internal Revenue Service Center, Chamblee, Georgia. Petitioner Francis A. Sunderland (hereinafter petitioner) *328 and his former wife June R. Sunderland (hereinafter June) were married on October 5, 1940. On March 19, 1958, petitioner and June entered into a property settlement agreement which contained the following provisions: The Husband shall pay to the Wife for her support and maintenance the sum of One Thousand Dollars ($1,000.00) on the first day of the month next following the execution and delivery of this Agreement, and a like sum on the first day of each and every successive month thereafter until the death or remarriage of the Wife, whichever event shall first occur. [Hereinafter referred to as alimony provision.] * * *
it is agreed between the parties that an appraisal of the fair market value of the land and buildings owned by the parties on Laurel Road, New Canaan, Connecticut, will be made by a qualified real estate appraiser, to be selected by Harold Weill and Matthew E. Hanna and that upon such appraisal being made the Husband will pay to the Wife one-half (1/2) of the appraised value of the property above the existing mortgage presently in the amount of approximately $13,112.00, and thereafter if when the property is sold if the price realized therefor shall exceed *329 such appraised value, the Husband upon conclusion of the sale and receipt of the purchase price shall pay to the Wife one-half (1/2) of such excess received by him. Upon payment by the Husband to the Wife of said one-half (1/2) of the appraised value as aforesaid, the Wife will execute and deliver to the Husband a Quit-Claim Deed of all of her right, title and interest in the property not including said unimproved parcel for which a value has been established of $4,300.00. [Hereinafter referred to as New Canaan property provision.] On May 6, 1958, a divorce decree was entered with respect to the marriage of petitioner and June, and such decree incorporated the property settlement agreement including the alimony and New Canaan property provisions. Pursuant to the property settlement agreement, immediately following the divorce petitioner paid to June one-half of the 1958 appraised value of the New Canaan property above the existing mortgage. Petitioner married Gladys C. Sunderland (Gladys) in September 1959 and they resided on the New Canaan property until November 1967, when petitioner negotiated a sale of such property for approximately $55,000 more than its 1958 appraised *330 value. However, prior to the consummation of such sale, June placed a could on the title by virtue of the New Canaan property provision and prevented the sale. Litigation between petitioner and June resulted from the controversy regarding sale of the New Canaan property, and June obtained a judgment of approximately $27,500 representing one-half of the difference between the 1958 appraised value and the November 1967 value of such property. In connection with the New Canaan property litigation, petitioner paid legal fees in the amount of $6,078 during the 1971 taxable year. On December 1, 1970, June filed a complaint with respect to the alimony provision of the property settlement agreement. As a result of such litigation, the court entered a judgment which, in part, decreased petitioner's obligation to make alimony payments to June from $1,000 per month to $700 per month. In connection with the alimony litigation, during the taxable year 1971 petitioner paid legal fees in the amount of $4,350.40 to the law firm which represented him, and pursuant to court order, he also paid, during the taxable year 1971, June's legal expenses incurred in the alimony litigation in the amount *331 of $1,702.50. On his 1971 return, petitioner took a deduction in the amount of $12,131 representing the total legal expenses, rounded to the nearest dollar, incurred by petitioner during 1971 in the New Canaan property litigation and the alimony litigation. In his statutory notice, respondent disallowed the claimed deduction for legal expenses in full. OPINION Petitioner argues that he is entitled to deduct the legal expenses which he incurred in the New Canaan property litigation with his former wife because such expenses were necessary to conserve his assets from contract claims asserted many years after the marital relationship had been dissolved. We disagree. Petitioner is not entitled to a deduction under section 212(2) [1] because the legal expenses incurred in the New Canaan property litigation are personal expenses and section 262 bars their deduction. United States v. Patrick,372 U.S. 53 (1963); United States v. Gilmore,372 U.S. 39 (1963); Fleischman v. Commissioner,45 T.C. 439 (1966). In Gilmore, the Supreme Court held that expenses incurred in resisting claims stemming entirely from the marital relationship *332 were personal and therefore not deductible under the forerunner of section 212(2), stating (372 U.S. at 52) "no such [claimed] property could have existed but for the marriage relationship." In Patrick, the Supreme Court stated (372 U.S. at 57): "It would be unsound to make deductibility turn on the nature of the measures taken to forestall a claim rather than the source of the claim itself." In Fleischman v. Commissioner, we stated (45 T.C. at 446): "If the claim could not have existed but for the marriage relationship, the expense of defending it is a personal expense and not deductible." In the instant case, since the burden of proof is on petitioner, Rule 142(a), Tax Court Rules *333 of Practice and Procedure, and he has introduced no evidence whatsoever to support a contrary finding, we find that the property settlement agreement, and consequently June's claims under it, would not have existed "but for" the marital relationship. Furthermore, since June's claims would not have existed "but for" the marital relationship, it is immaterial that the expenses were incurred in a separate suit on the property settlement agreement since marital rights were the subject of such contract and the agreement was closely related to the divorce proceedings as evidenced by the fact that it was incorporated into the divorce decree. Fleischman v. Commissioner,supra.Moreover, as long as June's claims could not have existed "but for" the marital relationship, it is immaterial that she asserted her claim nine years after the marriage was dissolved because the nature of a claim is not transformed merely by the passage of time. Accordingly, we hold that the legal expenses incurred by petitioner in connection with the New Canaan property litigation are nondeductible personal expenses, and that petitioner is entitled to no deduction for them under section 212(2). *334 With respect to the legal expenses of the alimony litigation, it is helpful to distinguish between (1) petitioner's payments to his own lawyers and (2) petitioner's payments to June's lawyers. Since his alimony payments were deductible and since his obligation to make such payments was reduced as a consequence of the alimony litigation, petitioner argues that the alimony litigation produced income so that all of his legal expenses connected with it are deductible under section 212(1) as "ordinary and necessary expenses paid * * * during the taxable year * * * for the production or collection of income." We disagree. It is clear that the claims asserted by June in the alimony litigation stem entirely from the marital relationship of June and petitioner since they could not have existed but for such relationship. Fleischman v. Commissioner,supra.However, petitioner relies upon Wild v. Commissioner,42 T.C. 706 (1964), in which we held that the rationale of United States v. Gilmore,supra, and United States v. Patrick,supra, did not bar the deduction, pursuant to section 212(1), of legal expenses *335 paidby the wife to obtain alimony payments which were included in her gross income. The Wild case, however, does not support petitioner's argument that he is entitled to a deduction for payments to his own lawyers in connection with the alimony litigation because a reduction of his obligation to make tax deductible alimony payments did not produce any amounts which were includable in gross income. Sec. 1.262-1(b)(7), Income Tax Regs.; cf. Wolfson v. Commissioner,47 T.C. 290 (1966); Donnelley v. Commissioner,16 T.C. 1196 (1951). Assuming that the payments made to June's lawyers in connection with the alimony litigation would have been deductible under the rationale of the Wild case if they had been paid by June, petitioner is nevertheless not entitled to a deduction for the payments which he made on behalf of June. Sec. 1.262-1(b)(7), Income Tax Regs.; cf. Wolfson v. Commissioner,supra. Accordingly, we hold that petitioner is not entitled to a deduction for any of the legal expenses which he paid in connection with the alimony litigation. Decision will be entered for the respondent. Footnotes
*. This case was submitted for adjudication under Rule 122, Tax Court Rules of Practice and Procedure. By order of the Chief Judge, dated November 3, 1976, this case was assigned to Judge Bruce M. Forrester↩ for disposition.
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income * * * Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩