BARBARA B. LEMOND (FORMERLY BARBARA BREWSTER BLOOMINGDALE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19780.   Promulgated October 28, 1949.

*Charles J. Nager, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The sole issue presented herein is whether the petitioner is entitled to deduct as nonbusiness expense under section 23 (a) (2) of the Internal Revenue Code the sums of $7,500 and $3,000 expended by her in 1943 and 1944, respectively, for attorneys' fees in securing a financial settlement with her husband incident to their separation and divorce.

In our opinion, the issue in respect to the deductibility of such expense under section 23 (a) (2) is clearly controlled by our decision in *Elsie B. Gale*, 13 T. C. 661, decided this day, wherein we held that legal expense paid or incurred in connection with the production or collection of alimony includible in the gross income of a wife under section 22 (k) [1] constitutes ordinary and necessary expense for the production or collection of income within the meaning of section 23 (a) (2).

In the instant case, we are confronted with an additional consideration not presented in *Elsie B. Gale, supra*. The evidence shows that the petitioner in 1943 received substantial amounts of alimony pursuant to the separation agreement which were not includible in her gross income for that year under the provisions of section 22 (k).

Upon the execution of the separation agreement of July 27, 1943, petitioner received a cash settlement of $22,500 which clearly constituted an "installment" payment under section 22 (k) and was, therefore, not taxable to the petitioner nor deductible by her husband. It appears that the petitioner received monthly payments of $600 on the first of August, September, and October of 1943, totaling $1,800, of which $1,200 was not taxable to the petitioner under section 22 (k) for the reason that such payments were not made "subsequent to the decree." Within a few days after the petitioner's election on October 2, 1943, to receive the specified installments in lieu of the monthly payments of $600, she received the first installment of $45,000. It thus appears that in 1943 petitioner received alimony payments totaling $69,300.

The total amount of alimony to which the petitioner was entitled under the separation agreement was $237,300, consisting of $22,500 paid upon execution of the separation agreement, three monthly payments of $600, totaling $1,800, and $213,000, which latter sum the petitioner elected on October 2, 1943, to receive in specified installments in lieu of further monthly payments. Of this amount, only the $600

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments \* \* \* received subsequent to such decree in discharge of \* \* \* a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife \* \* \*. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, *but only to the extent that such installment payment for the taxable year of the wife (or if more than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum.* \* \* \*

[Italics supplied.]

monthly payment made on October 1, 1943, subsequent to the decree of divorce, and the $213,000, which represented installment payments payable within a period of more than 10 years from the date of the decree, were taxable to the petitioner as periodic payments under section 22 (k). However, not more than 10 per cent of the sum of $213,000,[2] or $21,300, may be taxed to the petitioner in any one taxable year. Inasmuch as the petitioner actually received alimony in the amount of $69,300 in the year 1943 and was required to include only $21,900 of that amount in her gross income, it is clear that she received $47,400 in 1943 which was not subject to Federal tax and yet was secured as a result of the financial settlement negotiated by her attorneys, whose fees she seeks to deduct herein. Therefore, the legal expenses claimed by the petitioner in each of the years 1943 and 1944 should be allocated on the basis of the proportion of the total nontaxable alimony to the total amount of alimony received or receivable by the petitioner pursuant to the separation agreement. As the taxable alimony constitutes approximately 80 per cent of the total alimony received or receivable by petitioner, that percentage of the deduction claimed for legal fees in each year should, in our judgment, be allowed.

It should be noted that the parties herein have stipulated that no part of the legal expenses in question was incurred in connection with the petitioner's securing the Nevada divorce decree. Moreover, the record indicates that the petitioner and her husband had actually separated by mutual agreement prior to negotiation of the separation agreement of July 27, 1943, and that the attorneys to whom the fees in question were paid were solely concerned with the financial aspects of the separation, rather than with the settlement of the personal or marital difficulties of the petitioner and her husband. Therefore, it is our opinion that no part of the legal expenses herein constituted personal family expenses and that no allocation of the legal fees in that respect is necessary.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[2] Under a provision of the settlement agreement quoted in our findings, in case of a change in the statute taxing alimony, the sum to be received would be reduced to $183,000 and petitioner in her return has apparently used that figure as a basis for computing the 10 per cent.