*Decisions will be entered under Rule 50.*

RUTH K. WILD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1427–63.   July 13, 1964.

*Richard W. Leonard,* for the petitioner.
*Raoul E. Paradis,* for the respondent.

OPINION

KERN, *Judge:* Respondent determined a deficiency of $1,541.90 in petitioner's Federal income tax for the year 1960. The only issue presented for our decision is whether respondent correctly determined that petitioner is not entitled to a claimed deduction of $6,000 for legal fees in obtaining monthly alimony payments incident to a divorce proceeding as an ordinary and necessary expense for the production or collection of income pursuant to section 212(1) of the Internal Revenue Code of 1954.[1]

All of the facts have been stipulated and are found accordingly.

Petitioner Ruth K. Wild is an individual residing at Hollis, N.H. She filed an individual Federal income tax return for the year 1960 with the district director of internal revenue for the district of New Hampshire.

In 1959 petitioner sued her husband for a legal separation. Subsequently her action was changed to one of divorce. In 1960 a divorce was granted to the petitioner and a stipulation relative to child custody and support and property was made a part of the divorce decree.

---

[1] All sction references will hereinafter refer to the Internal Revenue Code of 1954 unless otherwise noted.

In explanation of a deduction taken by petitioner on her return for "Atty. fees re negotiating alimony payments and Court hearings" in the amount of $6,000 there is attached to petitioner's return a photostatic copy of a statement dated May 26, 1960, from the law offices of Leonard and Leonard to petitioner reading as follows:

Professional services re Wild v Wild Eq. #1618 May 1959 to May 1960

| | |
|---|---:|
| Divorce, custody, property settlement | $4,000.00 |
| Consultations, Agreements, Court Hearings, etc., re monthly alimony payments | 6,000.00 |
| Forward | $10,000.00 |
| Total brought forward | $10,000.00 |

*Expenses*

| | | |
|---|---:|---:|
| Telephone charges | 1.70 | |
| Mileage & tolls | 12.60 | |
| Court, Sheriff and Deposition costs | 64.02 | 78.32 |
| Total | | $10,078.32 |

[1] 6/2/60
Paid in full
Leonard & Leonard
F

[1] This portion in writing.

On her individual income tax return for 1960 petitioner claimed a deduction of $6,000 under "Other Deductions" for "Atty. fees re negotiating alimony payments and Court hearings." In Schedule H of her individual income tax return for 1960 petitioner included in her gross income $9,850 as "Alimony payments from Norman R. Wild."

Respondent disallowed the claimed deduction for legal fees in the amount of $6,000 with the following explanation:

The claimed legal fees have not been demonstrated to be expenses ordinary and necessary and closely related to the production, maintenance or protection of taxable income as required under section 212 of the Internal Revenue Code.

Petitioner contends that the amount of the legal fees claimed as a deduction was an ordinary and necessary expense incurred for the production of income which is deductible under section 212(1).[2] Respondent contends that such expense is not deductible pursuant

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.
    In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—
        (1) for the production or collection of income;

to section 262 [3] because it was a personal expense arising from the marital relationship and was thus "the product of her [petitioner's] personal and family life and not a profit-seeking activity." Respondent relies on *United States* v. *Gilmore*, 372 U.S. 39, and *United States* v. *Patrick*, 372 U.S. 53. Respondent also raises the contention in the latter part of his brief and in his reply brief that petitioner has failed to prove that the legal fees in question were actually paid, or that $6,000 of the total bill for legal services allocated to "Consultations, Agreements, Court Hearings, etc., re monthly alimony payments" was reasonable in amount.

Respondent's notice of deficiency did not disallow the claimed deduction to petitioner for the reason that she failed to substantiate the amount of her claimed deduction or for the reason that the payment in question was in an unreasonable amount. The deduction was disallowed for the stated reason that the "legal fees have not been demonstrated to be expenses ordinary and necessary and closely related to the production, maintenance or protection of taxable income as required under section 212 of the Internal Revenue Code."

In his brief respondent stated that the "QUESTION PRESENTED" is: "Whether legal fees occasioned by proceedings growing out of marital relationships constitute nonbusiness expenses deductible under section 212 of the Internal Revenue Code of 1954, or personal expenses not deductible under section 262 of the 1954 Code." In the answer to the petition respondent affirmatively alleged that petitioner obtained a divorce from her husband and that a "stipulation relative to child custody and property was incorporated in an order in the divorce decree." Respondent admitted in his answer certain allegations made in the petition regarding custody and support of petitioner's child. Nothing in the pleadings or in any statement made by respondent's counsel at the time this case was called for trial suggests in any way that the reasonableness of the amount of the payment deducted was in issue. When this case was called for trial on March 16, 1964, at Boston, Mass., counsel for respondent made the following statement: "Your Honor, we have agreed to fully stipulate this case and the stipulation is being brought over here by my secretary and will be here in a few minutes. It will be filed as Exhibit 1(a) [*sic*] * * *." A few minutes later when the case was called up again, counsel for the respondent, in the presence of counsel for petitioner, made the following statement: "We have the actual stipulation of facts in this case and have accordingly filed a stipulation of facts with Exhibit 1(a)."

[3] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

Except for a colloquy with the Court with regard to times for the filing of briefs, no other statements were made by counsel. The stipulation of facts referred to above, and evidently prepared by respondent's counsel, reads in its entirety as follows:

It is hereby stipulated that, for the purpose of this case, the following statement may be accepted as fact and the exhibit referred to herein and attached hereto is incorporated in this stipulation and made a part thereof; provided, however, that either party may introduce other and further evidence not inconsistent with the facts herein stipulated:

1. Attached hereto as Exhibit 1-A and made a part hereof is a photostatic copy of the individual federal income tax return (Form 1040) of Ruth K. Wild for the taxable year 1960, filed with the District Director of Internal Revenue for the District of New Hampshire.

We interpret the stipulation of facts as establishing as facts for purposes of this proceeding the matters stated as facts in the return,[4] among which were the fact that during the year 1960 petitioner had taxable income from alimony payments in the amount of $9,850, and the fact that petitioner paid her attorneys $10,078.32 with respect to her divorce action against her husband, of which $6,000 was allocated by the attorneys to consultations, agreements, and court hearings with respect to the monthly alimony payments awarded to petitioner. Any other interpretation would cause us to question the fairness and good faith of counsel for the respondent. Accordingly, we reject respondent's contention that petitioner failed to sustain her burden of proving the payment of the amount deducted. With regard to the reasonableness of the amount of such payment, we conclude that this is not fairly in issue herein and therefore decline to consider respondent's contentions in connection therewith. See *Estate of Rebecca Edelman*, 38 T.C. 972, 979; *Leo R. Cohn*, 38 T.C. 387, 392; *Eleanor C. Shomaker*, 38 T.C. 192, 201; and *F. H. Philbrick*, 27 T.C. 346, 353.

Section 1.262–1(b)(7), Income Tax Regulations,[5] which has never been withdrawn or modified by respondent, provides as follows:

SEC. 1.262–1 Personal, living, and family expenses.

(b) *Examples of personal, living, and family expenses.* Personal, living, and family expenses are illustrated in the following examples:

\*  \*  \*  \*  \*  \*  \*

(7) Generally, attorney's fees and other costs paid in connection with a divorce, separation, or decree for support are not deductible by either the husband

---

[4] This conclusion is based upon the particular facts in this record and is not to be construed as holding in general that where the parties have placed returns before the Court by stipulation the matters contained therein are to be taken as facts.

[5] Although respondent cites sec. 1.262–1(b)(7), Income Tax Regs., on brief, he makes no attempt to explain the inconsistency of his position in this case with the regulations.

or the wife. However, the part of an attorney's fee and the part of the other costs paid in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the wife under section 212.

In *Jane U. Elliott*, 40 T.C. 304 (filed May 15, 1963), acq. 1964-1 C.B. (Part 1) 4, we held that legal fees paid for the collection of alimony from the taxpayer's former husband were deductible under section 212(1). See also *Estate of Daniel Buckley*, 37 T.C. 664, 674; *Barbara B. LeMond*, 13 T.C. 670; and *Elsie B. Gale*, 13 T.C. 661, affirmed on other grounds 191 F. 2d 79.

Respondent argues that these cases are no longer applicable in view of the Supreme Court's decisions in *United States* v. *Gilmore, supra*, and *United States* v. *Patrick, supra* (both decided on February 18, 1963). In those cases the husbands incurred and sought to deduct legal fees in resisting their wives' claims to their income-producing property incident to divorce proceedings. In the *Patrick* case the husband claimed the legal fees were deductible as expenses incurred for the "management, conservation, or maintenance" of property held for the production of income within the meaning of section 212(2). In the *Gilmore* case the applicable statute was section 23(a)(2) of the Internal Revenue Code of 1939 which was substantially to the same effect as section 212(2). In those cases it was held that expenses of husbands in connection with resisting money demands of their wives in divorce actions could not be deducted under section 212(2) as expenses paid for the management, conservation, or maintenance of property held for the production of income. In the instant case the deduction is claimed under section 212(1), which expressly provides for the deduction of expenses "paid or incurred * * * for the production or collection of income." Here the expenses were paid "for the production or collection" of alimony which was reported, when paid to petitioner, as her taxable income in conformity with the provisions of the Internal Revenue Code.

In view of the fact that respondent has never changed or modified his regulation as above quoted since the Supreme Court's decisions in the *Gilmore* and *Patrick* cases were handed down on February 18, 1963, the fact that we decided the case of *Jane U. Elliott, supra*, some 3 months after February 18, 1963, and the fact that respondent noted his acquiescence in that case on March 16, 1964, and has never withdrawn it, we would be disinclined to overrule our holding in the *Elliott* case and to disapprove respondent's pertinent and outstanding regulation unless we were compelled to do so by the decisions of the Supreme Court in the *Gilmore* and *Patrick* cases. Since those cases dealt with another subsection of the Internal Revenue Code in the

context of another factual background,[6] it is our opinion that we are not compelled by them to reach such a result.

On the authority of the cases and regulations referred to above, it is our conclusion that the legal fees in issue which represented the cost to petitioner of producing monthly alimony payments, which were included in her gross income, are deductible under section 212(1) as ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of taxable income.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

RAUM, *J.*, dissenting: I think that a fair reading of *United States v. Gilmore*, 372 U.S. 39, and *United States v. Patrick*, 372 U.S. 53, calls for a result contrary to that reached in the prevailing opinion, and that the distinction between sections 212 (1) and (2) relied upon by the majority is spurious.

Sections 212 (1) and (2) of the 1954 Code, here involved, are merely fragmented parts of what was formerly section 23(a)(2) of the 1939 Code, the history of which was outlined in *Gilmore*. At one time section 23(a) provided merely for the deduction of expenses in carrying on a trade or business. It was then amended so as to add deductions for like expenses not connected with trade or business. The old trade or business deductions were continued in section 23(a)(1), and the new deductions were contained in section 23(a)(2). These new deductions were spelled out in section 23(a)(2) as follows:

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

The Supreme Court in *Gilmore* held that section 24(a)(1), which specifically denied any deduction for "personal" or "family" expenses, was a limitation upon section 23(a)(2), and that, accordingly, expenses incurred by a husband in a divorce action to protect his income-producing property were not deductible even though the situation were otherwise literally covered by section 23(a)(2). The theory of the decision in that case and in *Patrick* was that the claims in respect of which the expenses were incurred arose from the tax-

---

[6] It is significant that the Supreme Court in fn. 19 to its opinion in *United States v. Gilmore*, 372 U.S. 39, 50, quoted the first sentence in sec. 1.262–1(b)(7), Income Tax Regs., which we have quoted in its entirety, and *omitted* the following second sentence:

However, the part of an attorney's fee and the part of the other costs paid in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the wife under section 212.

This is an unmistakable indication that the Supreme Court in that case was not considering the problem of the deductibility of expenses paid or incurred by the wife in securing the payment to her of alimony which would be includable in her gross income under sec. 71.

payer's "marital relationship * * * and were thus the product of [his] * * * personal or family life * * *." 372 U.S. at 56.

That theory was plainly applicable to all parts of section 23(a)(2), which had the *identical* legislative history, and I can conceive of no justification for reaching a different result in respect of that portion of section 23(a)(2) that became section 212(1) of the 1954 Code from that portion which became section 212(2). Section 24(a)(1) is just as much a limitation upon that part of section 23(a)(2) which deals with deduction of expenses incurred "for the management, conservation, or maintenance of property held for the production of income" as it is upon that part which involves expenses "for the production or collection of income." If the fact that the claim grew out of the marital relationship required classification of the expenses as "personal" or "family" under section 24(a)(1) in the one situation, the same must obtain in the other. And there is no suggestion whatever that a contrary result must be reached merely because section 23(a)(2) was itself divided into two parts as section 212 (1) and (2) of the 1954 Code, obviously for the purpose of drafting convenience only. Section 24(a)(1) of the 1939 Code became section 262 of the 1954 Code, and the limitations in respect of deductions for "personal" and "family" deductions in section 262 are just as much a gloss on section 212 as the corresponding provisions of section 24(a)(1) were a restriction on section 23(a)(2).

*Gilmore* and *Patrick* make it clear that such limitations are operative when the claim arises out of the marital relationship in a divorce proceeding, and I think it quixotic to reach a different result here. The mere fact that the Treasury has not withdrawn the regulation upon which the majority rely is of no controlling significance. The *Gilmore* and *Patrick* cases were decided only last year, and it is notorious that the wheels of administration often turn slowly.

Tietjens and Pierce, *J.J.*, agree with this dissent.

---

Pierce, *J.*, dissenting: I agree with the dissenting opinion of Judge Raum, but I wish to add a word about *Jane U. Elliott*, 40 T.C. 304, upon which the majority relies in part. I regard it as distinguishable. In the instant case, expenses were incurred in order to *establish* petitioner's right to alimony, plainly a "personal" or "family" right. In *Elliott*, on the other hand, the right to alimony had already been established, and the expenses were incurred merely in order to effect *collection* of a fixed obligation, just as they might have been incurred by a noteholder seeking to collect interest on his note or a lessor seeking to collect rent from his lessee. Since *Elliott* is distinguishable I see no reason to extend it to reach an unsound result.

Tietjens and Raum, *J.J.*, agree with this dissent.