GERALD G. WOLFSON AND RIMA WOLFSON, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1384-65. Filed December 14, 1966.

---

Gerald G. Wolfson, pro se.
*James J. Cotter*, for the respondent.

OPINION

RAUM, *Judge:* Petitioners no longer contend that they are entitled to deduct the full amounts claimed on their returns. Thus, the husband, who represented both spouses at the hearing, appeared to recognize that under *United States* v. *Gilmore*, 372 U.S. 39, and *United States* v. *Patrick*, 372 U.S. 53, the expenses in the divorce proceedings incurred by him might not be deductible,[1] and he conceded that the portion of the legal fees which *he* paid to his wife's attorney could not be deducted.[2] It is his contention, however, that the portion of the expenses paid *by her* in respect of alimony is deductible under section 1.262-1(b)(7) of the regulations[3] and the decision of this Court in *Ruth K. Wild*, 42 T.C. 706.

The regulations, which were relied upon in the *Wild* case, contain an exception to the general rule that was applied in the *Gilmore* and *Patrick* cases. Under that general rule expenses incurred in divorce proceedings ordinarily are not deductible because they are personal in nature, even to the extent that they are connected with the division or safeguarding of income-producing property. The exception relates solely to expenses incurred by the wife for the production or collection of amounts "includible in gross income under section 71," which deals with the taxability of alimony and similar amounts received by a wife as separate maintenance or support in connection with the marital relationship. And in the *Wild* case itself the divorced wife was allowed a deduction in respect of expenses incurred in obtaining alimony which she included in her gross income in her separate return.

Thus, even as to that portion of the expenses that can be segregated as having been paid by the wife, it is necessary to make a further allocation to determine what portion thereof is properly attributable to the production or collection of amounts includable in gross income under section 71. Cf. *Barbara B. LeMond*, 13 T.C. 670; *Estate of*

---

[1] We know of no ground upon which his own expenses would be deductible, and since he makes no argument on brief that such expenses are deductible, we regard the point abandoned to that extent.

[2] He stated: "Whatever I paid to Mr. Scholchet [wife's attorney] for my share of the community will not be deductible."

[3] Sec. 1.262-1 Personal, living, and family expenses.

(a) *In general.* In computing taxable income, no deduction shall be allowed, except as otherwise expressly provided in chapter 1 of the Code, for personal, living, and family expenses.

(b) *Examples of personal, living, and family expenses.* * * *

* * * * * * *

(7) Generally, attorney's fees and other costs paid in connection with a divorce, separation, or decree for support are not deductible by either the husband or the wife. However, the part of an attorney's fee and the part of the other costs paid in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the wife under section 212.

*Daniel Buckley*, 37 T.C. 664. And it is petitioners' contention that 80 percent of the fees paid by the wife are allocable to alimony, with the consequence that such portion of those fees would be deductible. There are two fatal flaws in this contention.

First, we do not accept the argument or place any substantial reliance upon the evidence that only 20 percent of the fees related to community property and other matters connected with the divorce. Our appraisal of the evidence as a whole persuades us that there was substantial controversy involving the community property, and that the difficulties relating thereto were ultimately resolved only after serious negotiation between counsel. It is our judgment that considerably more than 20 percent of the fees paid by the wife was allocable to the community property and other matters unconnected with alimony or support.

In the second place, even as to that portion of the fees allocable to alimony or support, the record fails to sustain petitioners' position that the regulations or the *Wild* case would be applicable. The very essence of those regulations is that the deduction is allowed only in connection with amounts expended for the production or collection of amounts includable in gross income under section 71.[4] And the only alimony which the wife received here was alimony *pendente lite*, or temporary alimony, for a period of about 6 months, which would have been includable in gross income, if at all, only under section 71(a)(3). Cf. *Florence Korman*, 36 T.C. 654, affirmed 298 F. 2d 444 (C.A. 2). But in this case, such temporary alimony was not includable in gross income because the parties filed joint returns for 1961 and 1962, and

---

[4] SEC. 71(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

(2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

section 71(a)(3) explicitly provides that "This paragraph shall not apply if the husband and wife make a single return jointly."[5]

Moreover, to the extent that alimony or support was involved in these proceedings, it is our conclusion upon the basis of the materials before us that virtually the entire portion of the fees relating thereto was applicable to the alimony *pendente lite* upon which a hearing was held, and not to the claim for alimony after divorce which the wife ultimately abandoned. Furthermore, even as to any minor portion of the fees that may possibly have been allocable to the claim for alimony after divorce, it is by no means clear on this record that any such alimony if awarded would have been includable in the wife's gross income so as to lay the foundation for deducting the fees. For it is wholly possible on the facts before us that the wife's claim might have been satisfied by the payment of a lump sum either in a single payment or in installments so as not to be covered by section 71(a)(1). And it need hardly be added that the record contains no evidence of any kind that would make section 71(a)(2) applicable.

We conclude that no part of the expenses relating to alimony *pendente lite* is deductible and that the possible deductibility of any remaining portion of the fees in respect of the claim for permanent alimony—assuming that such deduction would otherwise be allowable even where no permanent alimony was in fact awarded, a matter that certainly is not free from doubt—is so speculative on this record that petitioners have not shown any error in the Commissioner's disallowance of the entire deduction.

*Decision will be entered for the respondent.*

---

[5] The reason for the inapplicability of sec. 71(a)(3) in the case of a joint return is obvious. If the amounts in question were taxable as income to the wife they would be offset by a deduction in precisely the same amount that would be available to the husband. Sec. 215. The net result in a joint return would thus be zero. In the present case, the temporary alimony was not reported as income in petitioners' joint return, and this circumstance itself underscores the reason for denying a deduction for expenses incurred in connection with a transaction that does not effectively result in the receipt of taxable income.