MARCELLE H. HOWARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howard v. Commissioner
Docket No. 7688-73.
United States Tax Court
T.C. Memo 1975-170; 1975 Tax Ct. Memo LEXIS 202; 34 T.C.M. (CCH) 751; T.C.M. (RIA) 750170; May 29, 1975, Filed Marcelle H. Howard, pro se. Douglas R. Fortney, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent has determined deficiencies in petitioner's Federal income tax as follows: Addition to Tax Year
Deficiency
Section 6651(a) (1) [1]
1969
$1,435.50
$358.87
1970
948.00
237.00
The issues presented for decision are: (1) Whether payments petitioner received under a court decree for separate support and maintenance while separated from her husband are "periodic payments" includable in her gross income under section 71 (a) (3) [2], and (2) Whether petitioner is entitled *204 to deduct attorney's fees and litigation costs in connection with securing temporary alimony and in connection with the determination of the tax aspects of her property settlement incident to divorce, in excess of the amounts allowed by respondent. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioner was a resident of Arlington, Texas at the time the petition was filed herein. Petitioner has not filed a Federal income tax return for calendar years 1969 and 1970. In 1968, petitioner filed suit for divorce against her husband of 23 years, Billy W. Howard, in state court in Laurel, Mississippi. On August 22, 1968, the Chancery Court for the Second Judicial District of Jones County, Mississippi, entered a decree which awarded petitioner $150 per week for support. In relevant part, the decree provided as follows: [3]
THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the complainant is entitled to separate support and maintenance from the defendant upon the grounds of habitual cruel and inhuman treatment, and that the defendant shall pay *205 into the registry of this Court the sum of $150.00 per week as reasonable support for the complainant. Pursuant to the decree, petitioner received $150 weekly payments totaling $7800 and $6300 for calendar years 1969 and 1970, respectively. On October 20, 1970 the Mississippi Court entered a final decree awarding the petitioner an absolute divorce, an automobile and certain household goods, a $20,000 lump sum payment, the custody of their 10-year old son and support payments for him. Although petitioner's husband secured a Mexican divorce [4] in April 1970 and remarried that month, the August 22, 1968 decree for the $150 per week support payments continued in force, and he continued to make such payments until the final decree was entered on October 20, 1970. Respondent concedes that petitioner is entitled to the following itemized deductions in 1969 and 1970: 1969
1970
Medical and dental expenses
$196.96
0
Sales tax (Mississippi)
200.00
$210.00
Sales tax on new car
105.00
Gasoline tax
107.20
120.00
Ad valorem tax
14.37
64.97
Interest
75.14
50.14
Contributions
35.00
9.00
Sub-total
$628.67
$559.11
Attorney and legal fees
(1/3 of $774.80 or
$258.27 for 1969)
258.27
(1/3 of $1,971.00 or
$657.00 for 1970)
657.00
Total itemized deductions
$886.94
$1,216.11
*206 Petitioner's minor son, age 10 in 1970, resided with her for more than one-half the year in 1970. During the portion of the year he did not reside with petitioner, he resided with his father. Petitioner and her former husband provided over half of the support for their minor son during 1970. OPINION If a wife is separated from her husband, the wife's gross income includes periodic payments received by her under a decree requiring her husband to make payments for her support or maintenance. Code section 71(a)(3). This provision includes an interlocutory decree of divorce or a decree of alimony pendentelite,section 1.71-1(b)(3), Income Tax Regs. It is not necessary for the wife to be legally separated or divorced from her husband under a court order or decree; she must include periodic payments from him under any type of court order or decree which requires the husband to provide for her separate support or maintenance. Section 1.71-1(b)(6), example 3; Florence Korman,36 T.C. 654 (1961), affd. per curiam 298 F. 2d 444 (2nd Cir. 1962). The August 22, 1968 decree provided specifically that the $150 per week payments were for petitioner's *207 separate support and maintenance. Since no portion of these payments were specifically designated as support for petitioner's son, no part of the total sum can be considered excludable child support under section 71(b). Moreover, during the period the payments were made petitioner's husband had custody of the child. We also find these payments to be periodic payments within the meaning of section 71(a). The $150 per week support payments she received while separated from her husband are, in fact, a classic example of periodic payments. See section 1.71-1(b)(6), example, 3, Income Tax Regs.
Petitioner argues that these sums should not be taxable to her because her former husband had a moral obligation to make the payments. The August 22, 1968 decree, however, also made these payments a legal obligation; and therefore, an obligation brought within section 71(a)(3). The obligation to make support payments continued until the final Mississippi decree of October 20, 1970 despite the intervening Mexican divorce. Accordingly, petitioner's husband continued to make the $150 per week payments until the final Mississippi decree. Petitioner further contends that the support payments received *208 by her came from property which already belonged to her. Unfortunately, there is no evidence in the record which supports petitioner's contention. Moreover, when the final property settlement was made, there was no indication petitioner's share had been diminished by the payments made to her under the August 22, 1968 decree. We therefore hold that the $150 per week support payments received by petitioner while separated from her husband pursuant to the August 1968 court decree constituted taxable income to her. The next question we are called upon to decide is whether petitioner's attorney's fees and litigation costs expended in connection with petitioner's separation and divorce are deductible in excess of the amounts allowed by respondent. As a general rule, costs incurred in connection with a divorce, separation or decree for support, are personal expenses and therefore not deductible. Code section 262. However, to the extent that the wife incurs attorney's fees in order to obtain alimony which will be taxable to her under section 71, her fees will be deductible under section 212(1) [5]; Ruth K. Wild,42 T.C. 706 (1964); section 1.262-1(b)(7), Income Tax Regs. *209 [6] Petitioner paid attorney's fees and litigation costs totaling $774.80 and $1,971 during calendar years 1969 and 1970 respectively.[7] Respondent has allowed petitioner to deduct one-third of these sums pursuant to an allocation of the fees attributable to the taxable alimony on the one hand, and the non-taxable property settlement and child support payments on the other. We find this allocation to be a reasonable one based on the facts. Barbara B. LeMond,13 T.C. 670 (1949). See also Ruth K. Wild,supra.
*210 In addition to attorney's fees attributable to the collection of taxable alimony, fees allocable to advice on the tax consequences incident to divorce are also deductible. Section 212(3). [8] Here, however, petitioner has testified that no such advice was requested or rendered. No further deduction for attorney's fees is therefore allowable. On brief respondent has conceded that, in addition to the attorney's fees, petitioner is entitled to itemized deductions of $628.67 in 1969, and $559.11 in 1970. We also find that petitioner is entitled to a dependency exemption for her minor son in 1970. [9]
Due to concessions made by the parties, Decision will be entered under Rule 155.
Footnotes
1. Respondent now concedes that petitioner is not liable for these additions to tax.↩
2. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
3. The August 22, 1968 decree awarded temporary custody of petitioner's 8-year old son to her husband, subject to petitioner's visitation rights.↩
4. The Mexican divorce was ex parte, and although petitioner received a call from Mexico concerning the divorce, she was never served with any papers.↩
5. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; ↩
6. Sec. 1.262-1. Personal, living and family expenses. (a) In general. In computing taxable income, no deduction shall be allowed, except as otherwise expressly provided in chapter 1 of the Code, for personal, living, and family expenses. (b) Examples of personal, living, and family expenses. Personal, living, and family expenses are illustrated in the following examples: * * * (7) Generally, attorney's fees and other costs paid in connection with a divorce, separation, or decree for support are not deductible by either the husband or the wife. However, the part of an attorney's fee and the part of the other costs paid in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the wife under section 212. ↩
7. While petitioner claims she paid attorney's fees in excess of these amounts, she has been unable to prove payments in excess of the amounts indicated. These sums do not include attorney's fees paid by petitioner's husband.↩
8. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- * * * (3) in connection with the determination, collection, or refund of any tax.↩
9. See sec. 152(e).↩