GENEVIEVE M. HAHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hahn v. Commissioner
Docket No. 4881-73.
United States Tax Court
T.C. Memo 1976-113; 1976 Tax Ct. Memo LEXIS 291; 35 T.C.M. (CCH) 509; T.C.M. (RIA) 760113; April 12, 1976, Filed William J. Beiswanger, for the petitioner. William H. Newton, III, for the respondent. DAWSON
DAWSON, Chief Judge:* Respondent determined a deficiency in the amount of *292 $1,438 in petitioner's income tax for the taxable year 1970. The issues for decision are whether petitioner is entitled to a deduction for certain legal costs incurred (1) in connection with her divorce litigation, and (2) in defending against a lawsuit involving certain jointly owned business property. This case was submitted without trial, all of the material facts having been stipulated by the parties. Genevieve M. Hahn (herein referred to as petitioner) was a legal resident of Boynton Beach, Florida, when she filed her petition in this proceeding. She filed her Federal income tax return for the year 1970 with the Internal Revenue Service Center in Chamblee, Georgia. Petitioner and Martin C. Hahn, (hereinafter sometimes referred to as "Martin") were married in 1942. At that time and continuously thereafter, Martin was the owner and operator of a restaurant in New Jersey known as Hahn's Bar and Restaurant ("the restaurant"). Petitioner *293 had worked as a waitress in the restaurant, beginning prior to her marriage, and continuing thereafter. She continued to work in the restaurant over the years, with exceptions only for periods of time when her two children were born and during illness. Over the years the business grew and petitioner's duties were increased; she worked as receptionist, cashier, office worker and supervisor. Her responsibilities became such that the customers considered her as one of the "owners" of the restaurant. At a later date Martin and petitioner acquired Boynton Inlet Docks ("the Docks"), Boynton Beach, Florida, a business which included sales of food, fishing tackle, miscellaneous supplies, bait, ice, beverages, boat rental and boat dockage. (The New Jersey restaurant was eventually leased to another operator.) Petitioner performed the same duties at the Docks as she had previously performed at the restaurant. Meanwhile, Martin acquired several fishing boats and spent a great deal of time fishing. Petitioner's marriage was plagued by years of constant arguing. Eventually, petitioner and Martin were separated, and in May 1963, petitioner filed a complaint for divorce in the Palm Beach County, *294 Florida, Circuit Court. The complaint included a claim of coownership in, and an accounting with respect to both the restaurant and the Docks, as well as certain other properties. The divorce proceedings were lengthy and bitter, and eventually, a final judgment of divorce was entered in August 1968. The divorce proceedings included several reports of a court-appointed Special Master, who heard testimony and made recommendations concerning the rights of the parties, which recommendations were incorporated into the final judgment of divorce. The Special Master found that Martin was primarily at fault, and that petitioner should be granted a divorce. He also found that petitioner had a "special equity" in the restaurant, then held in Martin's name, and that, accordingly, she should be granted an undivided one-third interest in the restaurant property, including one-third of the current income from the lease of the restaurant. At the time of the divorce, the restaurant was leased at a rental of $15,000 per year. The Special Master also concluded that petitioner should retain her undivided interest as tenant by the entirety with Martin in the ownership of the Docks real property. Martin *295 was granted possession of the Docks property, but was obligated to make certain payments to petitioner ( $100 per week plus payment of petitioner's home mortgage payments and certain other expenses) in lieu of petitioner's interest in the income from operation of the Docks property. During 1970, petitioner paid $14,451.34 in legal fees (plus $979.19 in interest on such fees) in connection with the legal proceedings incident to her complaint for divorce. Petitioner's attorney in those proceedings estimated that approximately 77 percent of his time spent on petitioner's case was related to the portion of the litigation involving petitioner's interest in the business properties. On or about September 7, 1967, a lawsuit was filed against petitioner and Martin by a former business associate, Donald H. Rehburg. In the suit Rehburg alleged that he owned 20 percent of the stock of Boynton Inlet Docks Enterprises, Inc., and that defendants transferred, without his knowledge or consent, real property known as Boynton Inlet Docks, then owned by the corporation, to petitioner and Martin with the intent to defraud the plaintiff; that defendants did continue to operate the business in their *296 individual names or through another corporation; and that plaintiff worked without salary as general manager and vice president for approximately one year. Rehburg then asked the court to adjudge him owner of 20 percent of the assets conveyed to petitioner and Martin, to require that petitioner and Martin account to him for all monies received, and that he be awarded $10,000 salary. The action was never prosecuted at trial but settled out of court. Petitioner paid legal fees amounting to $1,058.33 in 1970 relating to this matter. In her income tax return for 1970, petitioner reported rents received from her one-third interest in the restaurant in the amount of $5,000 and income from the Docks in the amount of $4,800. Against these amounts, she deducted, among other things, the legal fees relating to the alleged "business portion" of the divorce litigation, as well as the legal fees incurred in connection with the Rehburg lawsuit. [1] She also deducted the entire amount of interest paid on the legal fee in connection with the divorce action. *297 The first issue for decision is whether any portion of petitioner's legal fees in connection with the divorce litigation is deductible. Petitioner relies upon section 212, [2] which allows a deduction for expenses incurred for the production or collection of income or for the management, conservation or maintenance of property held for the production of income. She contends that 77 percent of her legal fees in connection with the divorce litigation was related to the establishment and obtaining of her ownership interests in the restaurant and the Docks properties and her rights to the income therefrom. Legal fees expended for these purposes, she contends, are deductible under section 212. Respondent, in rejecting this contention, relies upon the Supreme Court decision in U.S. v. Gilmore,372 U.S. 39 (1963). In Gilmore the taxpayer attempted to deduct legal fees incurred in defending divorce proceedings instituted by his wife. He relied on the predecessor of section 212 (section 23(a)(2) of the Internal Revenue Code of 1939), on the theory *298 that the legal expenses were incurred to defend his ownership of stock in several closely held corporations, his principal assets, against the claims of his wife, who was attempting to obtain a material interest in these assets as part of her divorce action. The Supreme Court disallowed the claimed deduction, stating that the question of deductibility must be based upon the origin of the claim, not upon the consequences which might result to the taxpayer's income-producing property from a failure to defeat the claim. The claim must have had its origin in profit-seeking activity. In the instant case respondent interprets the Gilmore case as holding that "legal fees incurred in connection with claims which arose from the taxpayer's marital relationship are simply not deductible." Therefore, he contends, since petitioner's claim arose from her marital relationship, the legal fees of her divorce action are not deductible. Such an interpretation is too broad, and we have previously so held. In Ruth K. Wild,42 T.C. 706 (1964), we refused to carry the Gilmore principle to such an extent. There the taxpayer claimed a deduction for legal fees in connection with *299 her divorce action in which she sought and won alimony payments. Although the claim which generated the legal fees clearly arose out of the marital relationship, as it had in Gilmore, we, nevertheless, held that the fees were deductible, since they were related to the production of taxable alimony income. This position is supported by section 1.262-1(b)(7) of respondent's Income Tax Regulations, which provides that legal fees attributable to the production of alimony includable in gross income under section 71 are deductible under section 212. Thus, petitioner in the instant case is not necessarily foreclosed by Gilmore from deducting her legal fees incident to divorce. In the final judgment of divorce, petitioner was granted the following from Martin: (a) a complete divorce; (b) a one-third interest in the restaurant property, including the right to one-third of the rental income therefrom; and (c) certain periodic payments in lieu of her right to one-half of the income from operation of the Docks (a property in which she already owned a one-half interest). Petitioner was not awarded alimony, as such. *300 Section 1.262-1(b)(7) of the Income Tax Regulations allows the deduction of legal fees related to the production of alimony income. Although the regulation refers only to the production of alimony includable in income under section 71, we see no reason why the same principle should not apply to legal costs of securing rights to other forms of income, even though not designated as alimony within the purview of section 71. Section 212 specifically allows such deduction. See, e.g., Commissioner v. Goldberger's Estate,213 F. 2d 78 (3d Cir. 1954), affg. 18 T.C. 1233 (1952) (suit to obtain accounting of joint venture profits); Frank T. Feagans, et al.,23 T.C. 208 (1954) (suit to obtain stock ownership and share in profits of corporation); and as stated above, the Gilmore case does not preclude such a deduction merely because the claim to income arises as part of a divorce action. It, thus, becomes necessary to examine carefully the nature of petitioner's claims and the financial awards granted in her divorce action. Petitioner claimed and was awarded an undivided fractional interest in the restaurant property *301 and the income therefrom. It is well established that costs incurred in defending or perfecting a claim to capital assets are capital expenditures, and not expenses deductible from ordinary income. Woodward v. Commissioner,397 U.S. 572 (1970); Stass Reed,55 T.C. 32 (1970). To the extent that petitioner's legal expenses related to the obtaining of an ownership interest in the restaurant, we believe that they must be considered nondeductible capital expenditures within the ambit of this rule. It is true that petitioner's obtaining of a one-third ownership interest in the restaurant resulted in her becoming entitled to direct participation in one-third of the future rental income therefrom. However, the income which the petitioner will receive from the property results directly from her establishing her right to ownership of the property, and, accordingly, the legal fees in connection therewith must be treated as capital expenditures. Spangler v. Commissioner,323 F. 2d 913 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. [3] *302 Petitioner's divorce action also sought an accounting for her 50 percent ownership in the Docks, which property was being operated by and was under the control of Martin. Unlike the situation with the restaurant, in the case of the Docks, petitioner already owned a 50 percent interest in the property. Thus, to the extent that the divorce litigation related to the Docks, it was not for the purpose of establishing petitioner's right to ownership, as it was in the case of the restaurant. Petitioner's claim with respect to the Docks was more in the nature of seeking the right to possession of, or participation in the income from, the property which she jointly owned. Costs of litigation in which the primary *303 issue was not ownership, but rather the right to possession, have been held properly deductible under section 212. Ruoff v. Commissioner,277 F. 2d 222, 229-30 (3d Cir. 1960). See also Allen v. Selig,200 F. 2d 487 (5th Cir. 1952). In its final judgment, the Florida court recognized that petitioner already owned a one-half interest in the Docks; it ordered that she continue such ownership interest, that Martin should continue in possession of the property, and that Martin should make certain periodic payments to petitioner which would be in lieu of, but deemed equivalent to, her share of the income from the property. Thus, what was sought and what was awarded petitioner in connection with the Docks property seems clearly in the nature of income, as opposed to an ownership interest. Accordingly, to the extent that petitioner's legal fees related to this aspect of the litigation they are deductible under section 212 as expenses related to the production of taxable income. Accord, Section 1.262-1(b)(7), Income Tax Regs.
Petitioner's attorney in her divorce litigation estimated that approximately 77 percent of his time *304 was devoted to matters involving the restaurant and Docks properties (the remaining 23 percent, presumably, relating to purely marital matters). Petitioner, therefore, deducted 77 percent of her legal fees. We have now determined that the fees attributable to legal work involving the claim of ownership in the restaurant are not deductible, but those attributable to the award of income from the Docks are deductible. The record does not contain any evidence specifically directed toward a further allocation of petitioner's attorney's time as between the restaurant and the Docks claim. However, based upon a review of the record, particularly the reports of the Special Master and other documents in the divorce proceedings, and applying the rule of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), we have determined that 30 percent of petitioner's legal fees in connection with the divorce litigation was attributable to matters involving petitioner's right to income from the Docks, and was, therefore, deductible under section 212.[4]
*305 The final issue for decision concerns the deductibility of petitioner's legal fees in defending the lawsuit brought against her and Martin by Donald H. Rehburg. Resolution of this issue requires an examination of the basis upon which the Rehburg suit was grounded. U.S. v. Gilmore,supra.In essence, Rehburg claimed entitlement to a 20 percent ownership interest in the Docks, which was then owned by petitioner and Martin.[5] Thus, petitioner's legal expenses related to defending her title. Expenses incurred in protecting title to property are not deductible but are capital in nature. Joseph Lewis,27 T.C. 158, 164 (1956), affd. 253 F. 2d 821 (2d Cir. 1958). Accordingly, we hold petitioner's legal fees in connection with the Rehburg litigation are not deductible. Decision will be entered under Rule 155.
Footnotes
*. Pursuant to a notice of reassignment sent to the parties on January 27, 1976, and to which no objections were filed, this case was reassigned on February 23, 1976, from Judge Austin Hoyt to Judge Howard A. Dawson, Jr.↩, for disposition.
1. The amount of legal fees claimed in the return and disallowed by respondent was $12,525.17. Petitioner appears to contend that she deducted 77 percent of the divorce action legal fees and all of the fees in connection with the Rehburg action. These two amounts, however, total to only $12,185.86. The reason for the difference between that total and the higher amount claimed in the return is not determinable from the record.↩
2. All section references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Deduction of legal fees relating to petitioner's ownership interest in the restaurant would probably also be barred by the Gilmore↩ principle. Since we know of no basis, other than the marital relationship, upon which petitioner could have obtained a legally recognizable equity in the restaurant, her claim thereto must be deemed to have had its origin in the marital relationship.
4. See Lucy G. Mason, a Memorandum Opinion of this Court, T.C. Memo 1962-100 (1962). The parties have stipulated that the interest paid on petitioner's legal fees in connection with her divorce litigation is deductible from gross income to the extent attributable to legal fees which are held deductible, and is deductible from adjusted gross income↩ to the extent attributable to legal fees which are held not deductible.
5. Rehburg also claimed entitlement to $10,000 in salary, but this appears to be merely incidental to the principal claim of ownership in the Docks property.↩