T.C. Memo. 2017-237

UNITED STATES TAX COURT

WILLIAM M. BARRY AND TRUDI G. SWAIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 783-16.                                    Filed November 28, 2017.

<u>Arnold van Dyk</u> and <u>Darin C. James</u>, for petitioners.

<u>Paul W. Isherwood</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $5,003 deficiency in

petitioners' 2013 Federal income tax and a section 6662(a) accuracy-related

penalty of $1,001.[1]  The issue for decision is whether petitioners are entitled to

_____

[1]All section references are to the Internal Revenue Code (Code) in effect for
the year in issue, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

[*2] deduct legal expenses incurred in a breach of contract action that petitioner

William M. Barry brought in an attempt to recoup alimony he allegedly overpaid

his ex-wife.[2]

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The

stipulated facts are found accordingly. When they petitioned the Court, petitioners

resided in the State of Washington.

Mr. Barry was formerly married to Beth Barry. Mr. Barry and Ms. Barry

entered into a separation and property settlement agreement (separation

agreement) dated April 17, 1987, and their marriage was eventually terminated by

final judgment on January 16, 2002. The judgment of dissolution ordered Mr.

Barry to pay Ms. Barry alimony of $2,400 per month.

In 2011 Mr. Barry initiated a civil action against Ms. Barry for breach of

contract. He alleged that under the separation agreement Ms. Barry was entitled to

total alimony of only $45,045 and that he had paid her that amount in full. He

further alleged that Ms. Barry was in default of the separation agreement when she

---

[1](...continued)
Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Petitioners concede that if they are not entitled to deduct these legal
expenses, then they are liable for the sec. 6662(a) accuracy-related penalty.

[*3] filed for divorce in 2000 and demanded alimony as part of the divorce. Mr. Barry sought judgment against Ms. Barry for $201,664--the excess of the total alimony he claimed to have paid her over the amount he claimed she was entitled to under the separation agreement--plus interest, costs, and attorney's fees. We take judicial notice that Mr. Barry's lawsuit was dismissed in 2011 as time barred. Barry v. Barry, No. 8:11-cv-1776-T-24-TGW (M.D. Fla. Oct. 31, 2011) (order dismissing case).

In 2013 Mr. Barry paid his attorney at least $25,000 for services in connection with his lawsuit against Ms. Barry.

On their 2013 Form 1040, U.S. Individual Income Tax Return, petitioners claimed a deduction for "other expenses" of $34,250 on Schedule A, Itemized Deductions. The "other expenses" deduction was a claim for the legal fees paid with respect to the civil action against Ms. Barry.[3]

## Discussion

Petitioners bear the burden of proving that they are entitled to the claimed deduction for legal fees. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

_____

[3]Although petitioners claimed a deduction of $34,250 for legal fees paid in 2013, the parties stipulated that petitioners have substantiated only $25,000 of this amount and are not entitled to deduct the remaining $9,250.

**[*4]** This burden requires them to demonstrate that the deduction is allowable pursuant to some statutory provision and that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Personal, living, and family expenses are generally not deductible. Sec. 262(a). Taxpayers may, however, generally deduct ordinary and necessary expenses paid or incurred for (1) the production or collection of income, or (2) the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2).

In United States v. Gilmore, 372 U.S. 39, 51 (1963), the Supreme Court held that legal fees incurred by a taxpayer in resisting his wife's property claims in a divorce proceeding were not deductible because the wife's claims that gave rise to the fees stemmed from the taxpayer's marital relationship rather than from any profit-seeking activity. The Court stated that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' and hence whether it is deductible or not under * * * [section] 23(a)(2)" of the 1939 Code, as amended,

**[*5]** (the predecessor of section 212(1) and (2) of the 1954 Code). Id. at 49; accord United States v. Patrick, 372 U.S. 53, 57 (1963) (decided the same day as Gilmore and reaching the same result under section 212(2) of the 1954 Code); see also Fleischman v. Commissioner, 45 T.C. 439, 446 (1966) (extending the rationale of Gilmore and Patrick to disallow expenses incurred in defending an action to set aside an antenuptial agreement and stating that "[i]f the claim could not have existed but for the marriage relationship," the cost of defending it is a nondeductible personal expense).

Petitioners acknowledge on brief that Mr. Barry's legal fees "would not have been incurred but for a prior marital relationship". In so stating they seem to acknowledge that these legal fees might not be deductible under the origin-of-the-claim test of Gilmore and Patrick. They contend, however, that Gilmore and Patrick are distinguishable as involving taxpayers whose claimed deductions were based on specific language of the Code, now found in section 212(2), allowing a deduction for expenses paid or incurred "for the * * * conservation * * * of property held for the production of income". By contrast, petitioners rely upon section 212(1), which allows a deduction for expenses paid or incurred "for the production * * * of income". Because Mr. Barry's lawsuit was for the purpose of recovering allegedly overpaid alimony, which petitioners equate with "the

**[*6]** production * * * of income", they say the deduction of the associated legal expenses is not barred by the origin-of-the-claim test.

Insofar as petitioners mean to suggest that the Gilmore origin-of-the-claim test is categorically inapplicable to deductions claimed pursuant to section 212(1), their argument lacks merit. The Supreme Court concluded in Gilmore, 372 U.S. at 40 n.3, that section 212 was "substantially identical" to 1939 Code sec. 23(a)(2), as amended by the Revenue Act of 1942, ch. 619, sec. 121(a), 56 Stat. at 819, and made applicable for years beginning after December 31, 1938, by Revenue Act of 1942 sec. 121(d). Section 23(a)(2) of the 1939 Code, as amended, contained in a single paragraph the provisions that are now codified in separate paragraphs (1) and (2) of section 212.[4] As the Supreme Court explained section 23(a)(2) was

---

[4]Sec. 23(a)(2) of the 1939 Code, as amended, Revenue Act of 1942, ch. 619, sec. 121, 56 Stat. at 819, provided for a deduction from gross income as follows:

> (2) Non-trade or Non-business Expenses.--In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Sec. 212 provides:

> In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year--

(continued...)

[*7] enacted to provide for "a class of deductions 'coextensive with the business deductions allowed by * * * [section] 23(a)(1), except for' the requirement that the income-producing activity qualify as a trade or business." Gilmore, 372 U.S. at 45 (quoting Trust of Bingham v. Commissioner, 325 U.S. 365, 374 (1945)). The Court stated that a "basic restriction upon the availability of a * * * [section] 23(a)(1) deduction is that the expense item involved must be one that has a business origin" and is not an expressly nondeductible personal, living, or family expense under 1939 Code sesc. 24(a)(1) (the predecessor of section 262). Id. at 45. The Court concluded that section 24(a)(1) "must impose the same limitation upon the reach of * * * [section] 23(a)(2)--in other words * * * the only kind of expenses deductible under * * * [section] 23(a)(2) are those that relate to a 'business,' that is, profit-seeking, purpose" and not personal, living, or family expenses. Id. at 46. Because, as just discussed, expenses for the production or collection of income were within the class of deductions allowed by section

---

[4](...continued)
> (1) for the production or collection of income;
>
> (2) for the management, conservation, or maintenance of property held for the production of income; * * *

**[\*8]** 23(a)(2), clearly those types of expenses are generally within the reach of the origin-of-the-claim test that the Court adopted in Gilmore.

Furthermore, this Court has on many occasions applied the origin-of-the-claim test to claimed deductions for legal fees under section 212(1). See, e.g., Baier v. Commissioner, 63 T.C. 513 (1975), aff'd, 533 F.2d 117 (3d Cir. 1976); Lange v. Commissioner, T.C. Memo. 1998-161; Barr v. Commissioner, T.C. Memo. 1989-420. In fact, this Court has previously applied the Gilmore origin-of-the-claim test to disallow a deduction claimed pursuant to section 212(1) for legal expenses the taxpayer incurred in a legal action which resulted in a reduction of alimony paid to his former wife. See Sunderland v. Commissioner, T.C. Memo. 1977-116. And in a case presenting the very question presented to us today--the deductibility under section 212(1) of legal expenses incurred in an attempt to recoup allegedly wrongfully paid alimony--a District Court disallowed the claimed deduction, relying upon Sunderland and its application of the Gilmore origin-of-the-claim test. Favrot v. United States, 550 F. Supp. 809 (E.D. La. 1982).

Petitioners contend that Favrot was wrongly decided. For assistance they look to Wild v. Commissioner, 42 T.C. 706 (1964), and Elliott v. Commissioner, 40 T.C. 304 (1963). Each of these cases held that legal fees paid by a wife in obtaining alimony includible in her gross income pursuant to section 71 were

[*9] deductible under section 212(1). Petitioners contend that under the rationale of Wild and Elliott Mr. Barry's legal expenses should also be deductible under section 212(1) because, they say, those expenses were incurred "specifically for the purpose of collecting money that would be included in taxable income." More particularly, petitioners contend that if Mr. Barry "had prevailed in the case against his former wife, any recovery received by the Petitioner would have been includible in gross income under the tax benefit rule."

Respondent does not dispute that any recovery Mr. Barry might have received would have been included in gross income under the tax benefit rule.[5] Respondent suggests, however, that this asserted tax consequence does not alter the status of Mr. Barry's legal expenses as nondeductible personal expenses. We agree.

---

[5]Under the tax benefit rule, if an amount is deducted from income in one year and a part or all of the amount is recovered in a later year, the recovered amount is treated as income for the year it is received to the extent the deduction reduced the amount of tax imposed. Sec. 111(a); Francisco v. Commissioner, 119 T.C. 317, 333-334 (2002), aff'd, 370 F.3d 1228 (D.C. Cir. 2004); Kadunc v. Commissioner, T.C. Memo. 1997-92; see Hillsboro Nat'l Bank v. Commissioner, 460 U.S. 370, 377 (1983). "The basic purpose of the tax benefit rule is to achieve rough transactional parity in tax * * * and to protect the Government and the taxpayer from the adverse effects of reporting a transaction on the basis of assumptions that an event in a subsequent year proves to have been erroneous." Hillsboro Nat'l Bank v. Commissioner, 460 U.S. at 383. The record does not reveal the basis for the parties' agreement about the application of the tax benefit rule to petitioners' situation.

**[\*10]** Contrary to the teaching of <u>Gilmore</u>, petitioners' argument focuses improperly on the potential consequences of Mr. Barry's lawsuit--the putative inclusion of the recovered proceeds in petitioners' gross income under the tax benefit rule--rather than upon the origin and character of his claim. Moreover, the holding in <u>Wild</u> does not turn, as petitioners seem to suggest, simply on the question of whether the amounts sought to be recovered in the legal proceedings would have been includible in gross or taxable income. Rather, <u>Wild</u> relied on regulations which contain an exception to the general rule that was applied in <u>Gilmore</u> and <u>Patrick</u>. Sec. 1.262-1(b)(7), Income Tax Regs. That regulatory exception "relates solely to expenses incurred by the wife for the production or collection of amounts 'includible in gross income under section 71,' which deals with the taxability of alimony and similar amounts received by a wife as separate maintenance or support in connection with the marital relationship." <u>Wolfson v. Commissioner</u>, 47 T.C. 290, 294 (1966).[6] Petitioners do not contend that this

---

[6]Petitioners contend that the "outdated wording of the regulation, if applied literally", could not withstand an equal protection challenge. Although the constitutionality and application of this regulation are not directly at issue in this case, it seems clear that it should be construed in gender- and spouse-neutral fashion. <u>See</u> 1 U.S.C. sec. 1 (2012) ("In determining the meaning of any Act of Congress, * * * words importing the masculine gender include the feminine as well[.]"); sec. 7701(a)(17); <u>Grutman v. Commissioner</u>, 80 T.C. 464, 471 n.2 (1983) ("In the instant, case we use the terms 'husband' as the paying spouse and

(continued...)

**[\*11]** regulatory exception applies to Mr. Barry's claimed legal expenses, and the record does not support any such contention.[7]

Given the inapplicability of this regulatory exception, the pertinent rule is the general rule stated in the regulations: "Generally, attorney's fees and other costs paid in connection with a divorce, separation, or decree for support are not deductible by either the husband or the wife." Sec. 1.262-1(b)(7), Income Tax Regs. Consistent with this general rule, the caselaw is well settled that legal

---

[6](...continued)
'wife' as the recipient spouse of alimony payments both for convenience and because that was the actual set of facts in the cases we discuss. Of course, the result would be the same were the wife the payor spouse and the husband the payee spouse."); Westbrook v. Commissioner 74 T.C. 1357, 1363 n.3 (1980) ("Sec. 71 also applies to alimony, if any, paid by the wife."); Barrer v. Commissioner, T.C. Memo. 1981-256, 1981 Tax Ct. Memo LEXIS 486, at \*8 n.3 ("The same rule of inclusion of alimony payments in the receiving spouse's gross income applies if the described payments in sec. 71(a) are made from the wife to the husband.").

[7]Although the amount Mr. Barry sought to recover from Ms. Barry was attributable to allegedly overpaid alimony, any amount he recovered as a result of his legal action would not have been includable in income as alimony under sec. 71. In order to qualify as alimony, a cash payment must satisfy four requirements, including that "such payment is received by (or on behalf of) a spouse under a divorce or separation instrument". Sec. 71(b)(1)(A). Because Mr. Barry's claim against Ms. Barry was for breach of contract and sought to recover alimony allegedly overpaid, any amount recovered would not be "under a divorce or separation instrument." Therefore, any recovery on that cause of action would not be alimony under sec. 71, and the associated legal fees would not come within the ambit of the second sentence of sec. 1.262-1(b)(7), Income Tax Regs.

**[*12]** expenses incurred in actions to resist or reduce alimony obligations are nondeductible personal expenses. See, e.g., Sa'd v. Commissioner, T.C. Memo. 2012-348; Conway v. Commissioner, T.C. Memo. 1994-405; Smith v. Commissioner, T.C. Memo. 1980-182; Richard v. Commissioner, T.C. Memo. 1979-327; Sunderland v. Commissioner, T.C. Memo. 1977-116. Clearly, if Mr. Barry had filed suit in the same year as his divorce from Ms. Barry, resisting the alimony obligations, his legal expenses would have been nondeductible personal expenses. In seeking to deduct legal expenses incurred in an action to recoup alimony, petitioners seek impermissibly to do indirectly what cannot be done directly.

It is true, as petitioners suggest, that a deduction for legal expenses is not necessarily precluded simply because the taxpayer's underlying claim arose in a divorce action. In Liberty Vending, Inc. v. Commissioner, T.C. Memo. 1998-177, for instance, the taxpayer was allowed a deduction for legal fees incurred to resist actions by the taxpayer's ex-wife that interfered with the business activities of the taxpayer's corporation. See also Hahn v. Commissioner, T.C. Memo. 1976-113 (allowing a deduction for legal fees to secure possession and income rights to corporation already owned by the taxpayer). In those cases, however, the legal

**[*13]** fees were business connected. Mr. Barry's legal fees, by contrast, were not business connected but arose from and related entirely to his marital relationship.

We conclude and hold that Mr. Barry's legal expenses are personal expenses not deductible under section 212(1). Petitioners have not asserted or demonstrated that the expenses are deductible under any other section of the Code. Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.